# CHARLESTON.

STATE ex rel. T. E. VINEYARD v. W. H. O'BRIEN, JUDGE et als.

(No. 5517)

Submitted September 2, 1925.   Decided October 20, 1925.

PROHIBITION—*Prohibition Will Issue in Clear Cases, Where Inferior Tribunal is Proceeding Without, or in Excess of, Jurisdiction.*

The writ of prohibition will issue only in clear cases where the inferior tribunal is proceeding without, or in excess of, jurisdiction.

Petition by T. E. Vineyard, for prohibition, to be directed to W. H. O'Brien, Judge, and others.

*Writ denied.*

*S. P. Bell* and *Grover F. Hedges,* for petitioner.
*Harper & Baker,* for respondents.

LITZ, JUDGE:

A writ of prohibition is sought by petitioner T. E. Vineyard, prohibiting the respondent Amos B. Kenney, Commissioner in Chancery of the circuit court of Roane county from executing an order of reference in a certain suit in chancery pending in said court wherein the respondent E. E. Adams is plaintiff and petitioner is defendant, by making search and examination of books, documents and papers of the petitioner, and further prohibiting respondent W. H. O'Brien, judge of said court, from compelling petitioner to exhibit to said commissioner all of his books, documents and papers for such examination.

The bill filed in the chancery cause at November rules, 1924, alleges, among other matters, that E. E. Adams had borrowed from the petitioner numerous sums of money at unlawful rates of interest; and prays that the petitioner be required under oath to make full, true and comprehensive dis-

covery and disclosure of the several financial transactions between the parties subsequent to the year 1912, and that a decree be entered against the petitioner in favor of the said respondent for the amount so found to be due the latter by the former on account of such usurious interest.

June 25, 1925, after the filing of an answer by petitioner in said cause, the decree of reference complained of was entered referring the cause to the said commissioner in chancery with direction to take, state and report an account between the parties "showing all the financial transactions between them within the period of ten years prior to the institution of the suit, in so far as the same show or tend to show the rate of interest plaintiff has paid to defendant for the use of, or for the forbearance in the collection of, money loaned by the defendant to the plaintiff, or for cash, or discount of claims due to plaintiff, or for other financial matters between them; what sums shall have been paid for such purposes, on what amounts and for what length of time"; and providing that for the purpose of enabling the commissioner to fully and completely execute the order *"he may have access to any and all books, papers and documents of either of the parties which show or tend to show any of the matters to be reported".*

The petition charges that the commissioner in chancery has given notice that he will at a specified time and place proceed to execute the order of reference and in doing so is threatening "to search among the papers, books and documents of the petitioner in an effort to discover whether or not petitioner has disclosed all the transactions between himself and plaintiff". The petition charges further that the respondent W. H. O'Brien, judge of said court, "will require the petitioner to exhibit to said Amos E. Kenney, commissioner in chancery, *all of his books, papers and documents,* to the end that said Amos E. Kenney may examine same to ascertain whether the petitioner has made full disclosure of all matters required by said court, to be made by him; and that said judge of said court will proceed against petitioner for contempt if petitioner refuses to turn over to said Amos E. Kenney all of his books, documents and papers for such examination by him, although such examination may completely stop petitioner's

business for an indefinite period of time, or so long as said commissioner may desire to examine such books, documents and papers''.

The respondent Amos E. Kenney by answer denies he is threatening, or has ever threatened, to carry out the said order of reference to the extent of searching among the books, papers and documents of petitioner in an effort to discover whether he has fully disclosed all transactions between himself and respondent E. E. Adams, or on his own motion to require petitioner to exhibit his books, papers or documents for like purposes; and further avers that he will neither require nor request the production by petitioner of any papers, books or documents, or parts thereof, except those pertinent to the inquiry before him.

The answer of the respondent W. H. O'Brien denies that he has exceeded, or intended to exceed, his jurisdiction in the entry of the order of reference, which he interprets as authorizing the commissioner merely to consider, in making up his report, such books, papers and documents as might be produced before him upon request, or by subpoena *duces tecum*.

The writ of prohibition will issue only in clear cases where the inferior tribunal is proceeding plainly without, or in excess of, its jurisdiction. *Supervisors* v. *Winyfield,* 27 Gratt, 329, 333; *McConiha* v. *Guthrie,* 21 W. Va. 134, 140; *County Court* v. *Boreman,* 34 W. Va. 362, 12 S. E. 490; *Johnston* v. *Hunter,* 50 W. Va. 52, 40 S. E. 448.

We do not think the order of reference should be construed as plainly directing the commissioner to make search of the books, papers and documents of petitioner for the purpose of discovering evidence to be used in the investigation, as petitioner would seem to contend. If possible, that construction of the decree or judgment in question will be adopted which will support rather than destroy jurisdiction. 34 C. J. 506. The interpretation by the respondents Kenney and O'Brien is reasonable and places the order within the proper exercise of jurisdiction by the circuit court.

The writ will therefore be denied.

*Writ denied.*