528 S.E.2d 762

**HEALTH MANAGEMENT, INC.,**
**Plaintiff Below, Appellee,**

v.

**Norman LINDELL, in his capacity as Acting Director of the West Virginia Human Rights Commission, Defendant Below, Appellant.**

No. 26010.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 21, 1999.

Decided Dec. 17, 1999.

with the proper *mens rea,* unquestionably com- mitted a larceny with regard to his or her salary.

Darrell V. McGraw, Jr., Attorney General, John T. McFerrin, Assistant Attorney General, Janie O'Neal Peyton, Assistant Attorney General, Charleston, West Virginia, Attorneys for Appellant.

Theodore R. Dues, Jr., Esq., Charleston, West Virginia, Attorney for Appellee.

McGRAW, Justice:

The West Virginia Human Rights Commission (the "Commission") appeals the circuit court's issuance of a writ of prohibition preventing it from taking further action against appellee Health Management, Inc. ("HMI"), which was charged with discriminating against a nursing-home supervisor on the basis of gender. During the Commission's initial investigation, HMI asserted (with supporting documentary evidence) that it had fewer than twelve employees, and thus fell outside of the Commission's jurisdiction under W. Va.Code § 5–11–3(d) (1998). When HMI later refused to respond to a subpoena issued by the Commission seeking additional information relevant to determining whether HMI and the separately-owned nursing homes it manages are part of an "integrated enterprise" for purposes of jurisdiction, the Commission, in its probable cause determination, made an adverse inference regarding HMI's jurisdictional defense based upon its failure to respond to the subpoena. HMI subsequently petitioned the Circuit Court of Kanawha County for a writ of prohibition to prevent the Commission from taking further action on the administrative complaint. The circuit court granted the requested relief, finding as a matter of fact that HMI did not have the requisite number of employees necessary to subject it the Commission's jurisdiction.

The Commission contends, *inter alia*, that in granting the writ of prohibition the circuit court inappropriately resolved disputed issues of fact that should have been left for its determination. We find merit in this argument, and accordingly reverse the circuit court's action.

## I.

### BACKGROUND

The complainant in this case, Marrianne Blakeslee, filed her initial complaint with the

70

Commission on January 12, 1994, alleging that HMI discriminated against her on the basis of gender by failing to award her a promotion. Ms. Blakeslee claimed that when she was hired as the director of nursing at the White Sulphur Springs Family Care Center in April 1992, she was promised that she would eventually be promoted to the position of administrator of that facility when the current administrator retired. She further alleged that when that post later became vacant, a lesser qualified male applicant was given the position.

On February 21, 1994, counsel for HMI filed a motion with the Commission seeking dismissal of the complaint, asserting that the Commission did not have jurisdiction over it pursuant to W. Va.Code § 5–11–3(d),[1] because it had never had twelve or more employees at any time since its incorporation in 1991. To support this contention, a schedule was attached to the motion purportedly indicating the date of hire and date of separation for each employee ever employed by the firm. The Commission responded, in a letter from its then-Acting Director dated March 30, 1994, informing HMI that its motion was "premature," and requesting additional information concerning its relationship with the nursing home facilities it manages.

Ms. Blakeslee filed a second complaint on May 23, 1994, further alleging that she was terminated in reprisal for opposing HMI's discriminatory practices. On August 1, 1994, HMI's counsel filed a second motion to dismiss, setting forth the same grounds for summary dismissal as contained in its first motion. The Commission subsequently issued a subpoena duces tecum pursuant to W. Va.Code § 5–11–8(d)(1) (1998) on September 23, 1994, seeking certain documents relative to the complainant's underlying discrimination and reprisal claims.

HMI responded by filing a petition for writ of prohibition in the Circuit Court of Kanawha County (Civil Action No. 94–MISC–776) on October 5, 1994, seeking to prevent the Commission from taking further action on Ms. Blakeslee's complaints. In support of its claim, HMI attached to its petition, among other documentary evidence, quarterly wage reports submitted to the West Virginia Bureau of Employment Programs indicating that HMI employed fewer than the twelve employees required to meet the statutory definition of "employer" under § 5–11–3(d). This action was later voluntarily dismissed on March 29, 1995, based upon an agreement between the parties concerning disposition of HMI's jurisdictional defense.

A disagreement subsequently ensued regarding the terms of that oral agreement, with HMI, on the one hand, contending that the Commission had agreed to limits its initial inquiry to the issue of jurisdiction, and the Commission, on the other hand, asserting that the jurisdictional question would be resolved in the course of the broader investigation. The Commission in May 1995 requested that HMI provide the information requested by its first subpoena; and then, on April 26, 1996, it issued a second subpoena, requesting additional information related to HMI's relationship with the nursing home facilities with which it contracts to provide management services.[2]

1. W. Va.Code § 5–11–3(d) provides: "The term 'employer' means the state, or any political subdivision thereof, and any person employing twelve or more persons within the state for twenty or more calendar weeks in the calendar year in which the act of discrimination allegedly took place or the preceding calendar year: Provided, That such terms shall not be taken, understood or construed to include a private club[.]"

2. The second subpoena issued by the Commission requested, among other documentation:
 10) A complete and legible copy of each and every contract, memorandum of understanding, or similar document which in any way defines the relationship between the respondent and the White Sulphur Springs Family Care Center.

 11) A complete and legible copy of each and every contract, memorandum of understanding, or similar document which in any way defines the relationship between the respondent and each any every other nursing home facility in the State of West Virginia with whom the respondent provides management services.

 . . . .

 13) For each and every facility in the State of West Virginia which has been administered by the respondent, or for which the respondent has provided management services, at any time during the period of January 1, 1990, to the present, a complete and legible copy all wage reports submitted on behalf of such entity or facility to the West Virginia Bureau of

The matter came to a head in June 1998, when the Commission issued its probable cause determination, which was based, in part, upon the following finding:

> The Respondent denies the Complainant's charge of sex discrimination and reprisal. However, Respondent refuses to supply any information to form any defense. Since this complaint has been filed, the Respondent has resisted this Agency's every attempt to investigate it.

The Commission subsequently explained that it made an adverse inference on the issue of jurisdiction pursuant to 77 W. Va.C.S.R. § 2–4.6 (1998),[3] based upon HMI's failure to answer its subpoena.

HMI filed the present action on June 23, 1998, again seeking a writ of prohibition to prevent the Commission from acting on Ms. Blakeslee's administrative complaints. In proceedings before the circuit court, the Commission asserted that its investigation uncovered conflicting evidence concerning the jurisdictional status of HMI. Specifically, the Commission represented that Ms. Blakeslee had informed investigators that she was responsible for a staff of over forty nurses. Also, it stated that while Ms. Blakeslee was furnished with certain documents

indicating that HMI was her employer, wage-report filings submitted by HMI to various state and federal agencies did not list her as an employee. Thus, as the Commission explained to the circuit court, it was reasonable for the agency to infer that HMI had employees that were not referenced in its wage reports. The Commission further claimed that based upon its own information and HMI's refusal to supply it with information regarding its relationship with the nursing homes it manages, it was reasonable to infer that HMI was subject to its jurisdiction based upon the theory that it, together with the nursing homes, form a "single employer" or "integrated enterprise."[4]

The circuit court granted prohibition relief on November 5, 1998. Among its findings and conclusions, the circuit court found as a matter of fact

> that petitioner did not have twelve (12) or more employees during the relevant period complained of by Blakeslee and therefore is not an "employer" within the definition of the same as prescribed by the West Virginia Human Rights Act. W. Va.Code 5–11–3[ ](d) *et seq.*, as amended.

It is from this order that the Commission now appeals.

---

Employment Programs for all reporting periods between January 1, 1990 and the present. These requests were apparently aimed at uncovering facts bearing upon the issue of whether HMI may be considered a "single employer" or "integrated enterprise" together with the nursing homes that it manages. *See* note 4, *infra.*

3. 77 W. Va.C.S.R. § 2–4.6 provides:

 To effectuate the purposes of the Act, whenever possible the Commission will seek to obtain documentary evidence, statements, and testimony from witnesses by voluntary compliance with the request of the Commission for such discovery. However, if there is non-compliance with such voluntary requests for discovery, such actions shall, at the discretion of the executive director, result in the application of an adverse inference against the party to whom the request for discovery is propounded regarding all unanswered inquiries. If it is decided to apply such adverse inference against a party, such party must be notified of this action in writing.

4. Under the "single employer" or "integrated enterprise" doctrine, two or more companies may be considered so interrelated that they con-

stitute a single employer for jurisdictional purposes. Federal courts have applied this doctrine in the context of federal anti-discrimination law. *See, e.g., Swallows v. Barnes and Noble Book Stores, Inc.,* 128 F.3d 990, 993–94 (6th Cir.1997) (applying doctrine in the context of claim under Age Discrimination in Employment Act and Americans with Disabilities Act); *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1363 (10th Cir.1993) (Title VII and ADEA). We have not had occasion to pass upon the issue of whether this doctrine applies under the West Virginia Human Rights Act, although we have previously indicated that "cases brought under the ... [Act] are governed by the same analytical framework and structures developed under Title VII, at least where our statute's language does not direct otherwise." *Barefoot v. Sundale Nursing Home,* 193 W.Va. 475, 482, 457 S.E.2d 152, 159 (1995) (citations omitted). Since the circuit court did not undertake to resolve this issue below, and because it is not completely dispositive of the issue of the Commission's jurisdiction, we need not decide it in this appeal. *See* Syl. pt. 2, *Sands v. Security Trust Co.,* 143 W.Va. 522, 102 S.E.2d 733 (1958) ("This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance.").

## II.

## STANDARD OF REVIEW

■ The present appeal involves a challenge to the circuit court's ruling granting a writ of prohibition. We therefore undertake *de novo* to determine whether the prerequisites for such relief were satisfied in proceedings below. *See* Syl. pt. 1, *Martin v. West Virginia Div. of Labor Contractor Licensing Bd.*, 199 W.Va. 613, 486 S.E.2d 782 (1997) ("The standard of appellate review of a circuit court's order granting relief through the extraordinary writ of prohibition is *de novo.*").

## III.

## DISCUSSION

■ There is no dispute in this case as to whether writs of prohibition may be employed to restrain quasi-judicial administrative bodies from adjudicating matters outside of their jurisdiction. Prohibition has been the customary remedy to "restrain inferior courts from proceeding in causes over which they have no jurisdiction," Syl. pt. 1, in part, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953),[5] and we have further recognized that "prohibition lies to restrain both judicial and quasi-judicial administrative bodies," *Cowie v. Roberts*, 173 W.Va. 64, 67, 312 S.E.2d 35, 38 (1984). Rather, the issue here goes to the conditions that must be satisfied by a petitioner who seeks a writ of prohibition to preclude an administrative tribunal from overstepping its jurisdictional authority.

■ We have previously cautioned that writs of prohibition provide a drastic remedy, and should be invoked only in extraordinary situations. *See State ex rel. Frazier v. Hrko*, 203 W.Va. 652, 657, 510 S.E.2d 486, 491 (1998) (citing *State ex rel. Allen v. Bedell*, 193 W.Va. 32, 36, 454 S.E.2d 77, 81 (1994) (Cleckley, J., concurring)). As a consequence, the prohibition remedy is tightly circumscribed.

■ To obtain relief in prohibition on the ground that a tribunal is acting outside of its

jurisdiction, the petitioner must clearly demonstrate that it lacks authority to adjudicate a particular matter before it: "A writ of prohibition does not lie in the absence of a clear showing that a trial court is without jurisdiction to hear and determine a proceeding. . . ." Syl. pt. 1, in part, *Fahey v. Brennan*, 136 W.Va. 666, 68 S.E.2d 1 (1951); *see also Fisher v. Bouchelle*, 134 W.Va. 333, 335, 61 S.E.2d 305, 306 (1950) ("the writ will not be awarded in cases where it does not clearly appear that the petitioner is entitled thereto"); Syllabus, *Vineyard v. O'Brien*, 100 W.Va. 163, 130 S.E. 111 (1925) ("The writ of prohibition will issue only in clear cases, where the inferior tribunal is proceeding without, or in excess of, jurisdiction."); Syl. pt. 3, in part, *Buskirk v. Judge of Circuit Court*, 7 W.Va. 91 (1873) ("Prohibition can only be interposed in a clear case of excess of jurisdiction on the part of some inferior judicial tribunal.").

■ This Court has, moreover, held that prohibition relief is inappropriate where jurisdiction turns upon contested issues of fact. As we indicated in *Lewis v. Fisher*, 114 W.Va. 151, 171 S.E. 106 (1933), prohibition is confined to situations where the existence of jurisdiction revolves around questions of law:

> [S]hould it be found that the question is jurisdictional, if its determination involves merely a finding as to the existence of jurisdictional facts, prohibition still is not the proper remedy, because the existence or nonexistence of facts conferring jurisdiction is for the decision of the court in which the proceeding is pending. The right of the trial court to determine the existence or nonexistence of facts that give rise to its own jurisdiction will not be interfered with by any other court, and the sole remedy is by appeal or writ of error. So that we must determine, first, whether the question raised is jurisdictional, and, second, if it is, whether it is jurisdictional in the sense of requiring a decision upon facts or a decision upon a pure question of law. *If it rests upon a determination of*

5. The general standard for issuance of the writ of prohibition is set forth in W. Va.Code § 53–1–1 (1923). That statute states that prohibition shall lie "in all cases of usurpation and abuse of pow-

er, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction exceeds its legitimate powers."

*fact, prohibition will not lie. If it rests upon the determination of a question of law, prohibition will lie if the trial court has exceeded its jurisdiction or usurped a jurisdiction that in law does not exist.* 114 W.Va. at 154, 171 S.E. at 107 (emphasis added); *see also State ex rel. Zirk v. Muntzing,* 146 W.Va. 878, 894, 122 S.E.2d 851, 860 (1961) ("[W]here . . . the jurisdiction of the circuit court depends upon disputed questions of fact, that court has the right to determine its own jurisdiction from the facts before it, and prohibition will not be granted to prevent it from so doing."); Syl. pt. 1, *Downs v. Lazzelle,* 102 W.Va. 663, 136 S.E. 195 (1926) ("Prohibition will not lie against an inferior court or a judge thereof to deprive it or him of the right to pass upon the extrinsic facts determinative of jurisdiction."), *overruled on other grounds, Stewart v. State Road Comm'n of West Virginia,* 117 W.Va. 352, 185 S.E. 567 (1936). We likewise stated in *Muntzing,* that while " '[p]rohibition does not lie where the existence of jurisdiction depends on matters or controverted facts which an inferior court or tribunal is competent to determine,' " 146 W.Va. at 894, 122 S.E.2d at 860 (citation omitted), " 'the writ properly issues where an erroneous decision on a question of law operates as an unlawful assumption of jurisdiction,' " *id.* (citation omitted). *See also State ex rel. United Mine Workers of America, Local Union 1938 v. Waters,* 200 W.Va. 289, 300, 489 S.E.2d 266, 277 (1997); *cf.* Syl. pt. 1, in part, *Hinkle v. Black,* 164 W.Va. 112, 262 S.E.2d 744 (1979) (holding in context of nonjurisdictional questions that prohibition is appropriate only to correct "substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts").

 In accord with this long-standing authority, we hold that for a writ of prohibition to issue preventing a quasi-judicial administrative tribunal from taking up a particular matter on the asserted basis of lack of jurisdiction, the petitioner must demonstrate that there is a clear limitation on the tribunal's jurisdiction, and that there are no disputed issues of fact such that the jurisdictional question may be decided purely as a matter of law. In other words, the prohibition remedy is available only where an administrative tribunal patently and unquestionably lacks jurisdiction over the matter pending before it.[6]

 Applying this standard to the case before us, it is clear that HMI did not meet the requirements for the issuance of a writ of prohibition. While there is no question that W. Va.Code § 5–11–3(d) restricts the jurisdiction of the Commission to firms employing twelve or more employees, *e.g., Woodall v. International Broth. of Elec. Workers, Local 596,* 192 W.Va. 673, 677–78, 453 S.E.2d 656, 660–61 (1994), the factual issue as to whether HMI has the requisite number of employees to fall within the Commission's jurisdiction remains to be determined at the administrative level. The Commission is clearly competent to make such a factual determination. *See* W. Va.Code § 5–11–8(d) (1998); 77 W. Va.C.S.R. ser. 2 (1998).[7] Consequently, we

---

**6.** The Commission argues that relief in prohibition should also be conditioned upon a showing that the petitioner has no alternative remedy available. Specifically, it cites to *Hinkle v. Black,* 164 W.Va. 112, 262 S.E.2d 744 (1979), where we set forth two basic functional criteria governing the award of writs of prohibition: "First, the adequacy of another remedy such as appeal; [and] second, economy of effort among litigants, lawyers and courts." *Id.* at 118, 262 S.E.2d at 748 (footnote omitted). However, we have consistently indicated that this criteria applies only in circumstances where an inferior tribunal is not acting in excess of its jurisdiction. In the latter circumstance, this Court has long recognized that a petitioner is not required to pursue other available remedies. As we stated in *State ex rel. West Virginia Truck Stops, Inc. v. McHugh,*

160 W.Va. 294, 233 S.E.2d 729 (1977), "where it appears that a court is proceeding without jurisdiction . . . prohibition will issue regardless of the existence of other remedies." *Id.* at 302, 233 S.E.2d at 734. *See also State ex rel. City of Huntington v. Lombardo,* 149 W.Va. 671, 679, 143 S.E.2d 535, 541 (1965); Syl. pt. 1, *Lake O'Woods Club v. Wilhelm, Judge,* 126 W.Va. 447, 28 S.E.2d 915 (1944).

**7.** We note that 77 W. Va.C.S.R. § 2–7.13.a provides:

On any question which would be determinative of the jurisdiction of the Commission, or might result in the dismissal of the complaint, the administrative law judge may issue a final decision on the merits accompanied by find-

**74**

conclude that the circuit court erred in granting a writ of prohibition in the present case.

## IV.

### CONCLUSION

For the reasons stated, the judgment of the Circuit Court of Kanawha County is hereby reversed.

Reversed.

Justice SCOTT did not participate in the decision in this case.

Judge FRED RISOVICH, II, sitting by temporary assignment.

ings of fact and conclusions of law, either before or after the taking of testimony.

Thus, the Commission's own rules allow for prompt resolution of jurisdictional issues where issues of fact are not in dispute.