582 S.E.2d 811

**STATE of West Virginia ex rel. LAURA R., Individually and as Next Friend of Christian R. and Katie R., Petitioner,**

v.

**Honorable Sally G. JACKSON, Judge of the Family Court of Berkeley County; and Gary R., Respondents.**

No. 30969.

Supreme Court of Appeals of West Virginia.

Submitted March 11, 2003.

Decided April 18, 2003.

Laura R., Martinsburg, Pro Se.

Robert C. Stone, Jr., Esq., Martinsburg, for Gary R., Respondent.

PER CURIAM.

In this original proceeding in prohibition, the petitioner, Laura R., asks this Court to prohibit the Family Court of Berkeley County, West Virginia, from enforcing an October 28, 2002, temporary order entered during the

pendency of the petitioner's divorce action. Pursuant to the temporary order, the respondent, the Hon. Sally G. Jackson of the Family Court of Berkeley County, granted Gary R., the petitioner's estranged husband, supervised visitation with the couple's two minor children. Judge Jackson determined that an individual by the name of Terry L. S., the adult daughter of Gary R. by a previous marriage, would be the supervisor and that the visitation would take place in Ms S.'s home in the Commonwealth of Virginia. [In this sensitive matter, initials will be employed.]

In seeking relief in prohibition, the petitioner, Laura R., alleges that Gary R. engaged in various acts of misconduct toward her and the children and that, therefore, no visitation of any kind should have been allowed. The petitioner alleges, in the alternative, that, if visitation is required, the selection of Ms. S. as a supervisor and the determination that visitation would take place in Virginia were contrary to the best interests of the children. It should be noted that the October 28, 2002, temporary order of the Family Court has been stayed and that the divorce action has been held in abeyance pending this Court's disposition of the requested relief.

This Court has before it the petition of Laura R., the response filed by Gary R. and all matters of record. For the reasons stated below, this Court grants the relief requested by the petitioner, as moulded, and remands this matter to the Family Court of Berkeley County for the entry of a temporary order awarding Gary R. supervised visitation with the children. The visitation, however, will take place at the Shenandoah Women's Center in Martinsburg, West Virginia, on Saturdays from 11:00 a.m. until 1:00 p.m. In addition, this Court directs that a final hearing in the divorce action between Laura R. and Gary R. be conducted within sixty days of the filing of this opinion and that a final order in that action be promptly entered.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Laura R., and her husband, Gary R., resided in Martinsburg, West Virginia, and are the parents of two children, Christian, born in June 1995, and Katie, born in February 1997. Martinsburg, in Berkeley County, is relatively near the Virginia and Maryland borders. Gary R.'s adult daughter by a previous marriage, Terry L. S., lives approximately fifty miles from Martinsburg in Linden, Virginia.

In 1990, Gary R. sustained serious, work-related head injuries which entitled him to both workers' compensation and Social Security benefits. The accident rendered him permanently and totally disabled for workers' compensation purposes and, according to the petitioner, left him with a permanent psychiatric impairment. Although Gary R. takes various medications concerning the residual effects of his injuries, the petitioner asserts that he, nevertheless, continues to exhibit a number of adverse behavioral changes in the presence of the petitioner and the children. The changes include emotional outbursts, a tendency to anger quickly and the threatening of violence toward others.

In July 2002, the petitioner obtained a domestic violence emergency protective order in the Magistrate Court of Berkeley County against Gary R. based upon allegations that, while in the marital home with the children, Gary R. became enraged and broke a kitchen chair. The incident arose during a telephone call between Gary R. and the petitioner while the petitioner was working away from the home. The protective order was set aside, however, upon the understanding that the matters involved therein would be considered during the course of the divorce action. Gary R. moved out of the marital home, and the petitioner remained in the home with the children.

The divorce action between the petitioner and Gary R. was assigned to the respondent, the Honorable Sally G. Jackson of the Family Court of Berkeley County. On October 28, 2002, Judge Jackson conducted a hearing and received both testimony and the proffer of counsel upon the issue of whether a temporary order should be entered allowing Gary R. visitation with the children. *See,*

Rule 16 of the *West Virginia Rules of Practice and Procedure for Family Court* concerning the presentation of evidence by proffer. Three days prior to the hearing, the petitioner had filed a motion to require Gary R. to submit to a psychological examination. That motion was resolved during the hearing upon an agreement that both the petitioner and Gary R. would undergo such an examination.

The petitioner's evidence and proffer before the Family Court suggested that no visitation should be allowed, or that it should be substantially limited, because Gary R. had persistently engaged in a number of acts, described below, detrimental to the petitioner and the children. On the other hand, Gary R.'s evidence and proffer indicated that, although he was still under some degree of impairment with regard to the 1990 accident, he had done nothing to warrant a limitation of his right to visitation. In addition, the petitioner and Gary R. contested the question of who the supervisor should be in the event Gary R. would be allowed supervised visitation. In that regard, the petitioner advocated that an individual named Shirley A. should be the supervisor. Ms. A. had been the children's nanny and was willing to supervise Gary R.'s visitation in the former marital home in Martinsburg. During her testimony, Ms. A. stated that, although Gary R. had often behaved in an inappropriate or in a threatening manner in her presence, she was, nevertheless, willing to be the supervisor. Gary R., however, advocated that his daughter, Terry L. S., should be the supervisor. Ms. S., a registered nurse, testified that she was aware of Gary R.'s impairment and could provide a controlled, home environment in Virginia suitable for visitation with the children.

At the conclusion of the hearing, Judge Jackson entered a temporary order granting Gary R. supervised visitation with his two children, Christian and Katie. The visitation was to be supervised by Terry L.S. in her home in Virginia. As Judge Jackson stated:

> I do believe from what Ms. [A.] said that he [Gary R.] was performing inappropriate activity around the children ... I don't believe Ms. A. made it up. But I'm fairly

impressed with his daughter's ability to control the situation and especially given her expertise as an RN, I think she probably has a good bit of insight in what some of Mr. [R.'s] problems might be, so he's going to be permitted visitation at this time supervised by his daughter [Terry L. S.]. * * * I think Saturday from nine to nine is appropriate[.]

On October 31, 2002, the petitioner filed a petition with this Court to prohibit the enforcement of the October 28, 2002, temporary order of the Family Court. On November 26, 2002, this Court issued a rule to show cause why relief should not be awarded. As stated above, the temporary order has been stayed, and the divorce action has been held in abeyance, pending this Court's disposition of the requested relief.

## II.

### DISCUSSION

■■■ This Court has original jurisdiction in prohibition proceedings pursuant to Art. VIII, Sec. 3, of The Constitution of West Virginia. That jurisdiction is recognized in Rule 14 of this Court's Rules of Appellate Procedure and in various statutory provisions. *W.Va.Code*, 51–1–3 (1923); *W.Va. Code*, 53–1–2 (1933). In considering whether to grant relief in prohibition, this Court stated in the syllabus point of *Vineyard v. O'Brien*, 100 W.Va. 163, 130 S.E. 111 (1925), as follows: "The writ of prohibition will issue only in clear cases where the inferior tribunal is proceeding without, or in excess of, jurisdiction." *State ex rel. Murray v. Sanders*, 208 W.Va. 258, 260, 539 S.E.2d 765, 767 (2000); *State ex rel. Barden and Robeson Corporation v. Hill*, 208 W.Va. 163, 166, 539 S.E.2d 106, 109 (2000); *Health Management, Inc., v. Lindell*, 207 W.Va. 68, 72, 528 S.E.2d 762, 766 (1999). *See also*, *W.Va.Code*, 53–1–1 (1923); syl. pt. 1, *State ex rel. Steven Michael M. v. Merrifield*, 203 W.Va. 723, 510 S.E.2d 797 (1998); syl. pt. 2, *Long Flame Coal Company v. State Compensation Commissioner*, 111 W.Va. 409, 163 S.E. 16 (1932).

■■■ In this proceeding to prohibit the enforcement of the temporary order, the petitioner contends that no visitation should

have been allowed or, in the alternative, that the visitation should not have been ordered to take place in the Commonwealth of Virginia with Ms. S. as the supervisor. In syllabus point 9 of *White v. Williamson,* 192 W.Va. 683, 453 S.E.2d 666 (1994), this Court observed: "In considering visitation issues, the courts must also be mindful of facilitating the right of the non-custodial parent to a full and fair chance to continue to have a close relationship with his children." Syl. pt. 2, *Weber v. Weber,* 193 W.Va. 551, 457 S.E.2d 488 (1995). A logical extension of that principle would be that, where supervised visitation is warranted, the parties must be given "a fair opportunity to be heard on the proposed visitation supervisors." *Weber, supra,* 193 W.Va. at 554, 457 S.E.2d at 491. Of course, as this Court observed in syllabus point 5 of *Carter v. Carter,* 196 W.Va. 239, 470 S.E.2d 193 (1996): "In visitation as well as custody matters, we have traditionally held paramount the best interests of the child." Syl. pt. 4, *Dale Patrick D. v. Victoria Diane D.,* 203 W.Va. 438, 508 S.E.2d 375 (1998); syl. pt. 3, *State ex rel. George B.W. v. Kaufman,* 199 W.Va. 269, 483 S.E.2d 852 (1997). The opinion in *Carter* specifically states: "Because of the extraordinary nature of supervised visitation, such visitation should be ordered when necessary to protect the best interests of children." 196 W.Va. at 245, 470 S.E.2d at 199. Of necessity, those interests include being safe from emotional and psychological trauma.

As indicated above, the petitioner argued before the Family Court that no visitation between Gary R. and the children should be allowed. In that regard, the petitioner asserted that, during the marriage, Gary R.: (1) taught the children profanity and engaged in obscene acts in their presence, (2) encouraged them to fight with one another, (3) threatened to kill the petitioner and the children and (4) had a drug and alcohol problem. Those assertions were denied by Gary R.

The petitioner argued primarily, however, that visitation could take place in the former marital home in Martinsburg, West Virginia, if Shirley A., the children's nanny, were selected to be the supervisor. In fact, the focus of the October 28, 2002, hearing before Judge Jackson concerned whether Shirley A. or Terry L.S. should be the supervisor. Judge Jackson found Ms. A. to be a credible witness but concluded that Ms. S. was better able to control Gary R.'s behavior. Thus, visitation with the children was ordered to take place in Virginia.

Unfortunately, the record in this case demonstrates a great deal of animosity among the petitioner, Gary R. and the proposed supervisors. Gary R. accused Shirley A. of interfering with his marriage to the petitioner, and he engaged in 'interrupting Ms. A.'s testimony before the Family Court with negative comments. Moreover, the petitioner and Terry L.S. became involved in a verbal confrontation on the street following the October 28, 2002, hearing. During the confrontation, the petitioner accused Ms. S. of giving false testimony before Judge Jackson.

Upon a thorough review of the record, and particularly the transcript of the October 28, 2002, hearing, this Court is of the opinion that, in comparing Ms. A. and Ms. S. as potential visitation supervisors, the Family Court failed to sufficiently address the impact of either choice upon the two children, Christian and Katie. Mitigating against the selection of Ms. S. was the fact that the record revealed that she had had relatively little contact with the children in the past. Also mitigating against Ms. S. was the fact that her home is beyond the jurisdictional boundaries of this State. On the other hand, Judge Jackson specifically noted the existence of ill-feelings between Gary R. and Shirley A., the supervisor the petitioner wanted.

Certainly, the truth of the allegations of Gary R.'s misconduct toward the children must be determined during the ensuing proceedings below in the divorce action. For purposes of the temporary order presently challenged by the petitioner, however, this Court concludes: (1) that Gary R.'s visitation shall be limited to two hours per week, (2) that the visitation shall be supervised by a neutral third-party and shall take place at a professional facility within this State and (3) that a final resolution of the divorce action be expedited. Only through these measures can the emotional and psychological well being of the children be protected during this interim period.

### III.

### CONCLUSION

For the reasons stated above, this Court grants the relief in prohibition requested by the petitioner, as moulded, and hereby prohibits the enforcement of that portion of the October 28, 2002, temporary order which named Terry L.S. as the supervisor of the visitation between Gary R. and the children and which determined that the visitation would take place in Ms. S.'s home in the Commonwealth of Virginia. Rather, this Court remands this matter to the Family Court of Berkeley County for the entry of a temporary order awarding Gary R. supervised visitation with the children. The visitation, however, will take place at the Shenandoah Women's Center in Martinsburg, West Virginia, on Saturdays from 11:00 a.m. until 1:00 p.m. In addition, this Court directs that a final hearing in the divorce action between Laura R. and Gary R. be conducted within ninety days of the issuance of the mandate in this case and that a final order in that action be promptly entered.

Writ granted as moulded.

Chief Justice STARCHER concurs.