672 S.E.2d 358

**STATE of West Virginia ex rel. West Virginia National Auto Insurance Company, Inc., Petitioner**

v.

**The Honorable Thomas A. BEDELL, Judge of the Circuit Court of Harrison County, West Virginia; and John A. Yanchek, Respondents.**

**No. 34337.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 28, 2008.

Decided Dec. 10, 2008.

**224**

Michael D. Crim, Esq., Debra Tedeschi Herron, Esq., Natalie A. Givan, Esq., McNeer, Highland, McMunn and Varner, Clarksburg, for the Petitioner.

Stephen R. Brooks, Esq., Stacie D. Honaker, Esq., Flaherty, Sensabaugh & Bonasso, Morgantown, for Respondent Yanchek.

Charles G. Johnson, Esq., Jackson Kelly, Clarksburg, for Gulf Coast Collection Bureau, Inc.

PER CURIAM:

In this original proceeding in prohibition, the petitioner, West Virginia National Auto Insurance Company, Inc., challenges the November 16, 2007, order of the Circuit Court of Harrison County, West Virginia, dismissing the respondent, John A. Yanchek, from the underlying action for lack of personal jurisdiction. In the action, National Auto, a West Virginia corporation engaged in the business of insurance, seeks recovery from Gulf Coast Collection Bureau, Inc., and respondent Yanchek for failure to pursue subrogation claims upon National Auto's behalf. Gulf Coast is a Florida corporation engaged in the business of debt collection, and Yanchek is a licensed attorney in Florida.

No question concerning jurisdiction has been raised with regard to Gulf Coast. The November 16, 2007, order dismissed Gulf Coast's cross-claim against Yanchek for lack of personal jurisdiction as well as the claim filed against Yanchek by National Auto. The remainder of the action is pending before the Circuit Court. In the petition filed in this Court, National Auto requests an adjudication "directing the Circuit Court that personal jurisdiction over Yanchek is appropriate."

This Court has before it the petition of National Auto for a writ of prohibition, the memorandum of Gulf Coast in support of the petition, the response of John A. Yanchek, all exhibits and the argument of counsel. Upon careful consideration, and for the reasons stated below, this Court concludes that the petition fails to meet the standards pertaining to extraordinary relief before this Court. Consequently, the ruling sought by National Auto is denied.[1]

## I.

### Factual and Procedural Background

Beginning in November 2003, West Virginia National Auto Insurance Company, Inc., forwarded approximately 69 subrogation claims against various debtors to Gulf Coast Collection Bureau, Inc., for collection. The claims had an aggregate value in excess of $579,000. According to National Auto, 13 of those claims with an aggregate value in excess of $171,000 were forwarded by Gulf Coast to John A. Yanchek. As stated above, Gulf Coast is a Florida corporation, and Yanchek is a licensed attorney in Florida. Yanchek was to file actions in West Virginia where the claims forwarded to him involved West Virginia debtors. National Auto, through Gulf Coast, sent Yanchek approximately $2,000 in filing fees for that purpose.

Nevertheless, Gulf Coast and Yanchek allegedly failed to pursue the subrogation claims and allowed the majority of the claims to be barred by the statute of limitations. As stated by National Auto, Yanchek failed to file any actions in West Virginia against the debtors, in spite of his representations to Gulf Coast that he was actively pursuing those accounts. Yanchek allegedly allowed the statute of limitations to run on 11 of the 13 claims forwarded to him and did not return the money sent to him for filing fees.

---

1. Pursuant to an administrative order entered on September 11, 2008, the Honorable Thomas E. McHugh, Senior Status Justice, was assigned to sit as a member of the Supreme Court of Appeals of West Virginia commencing September 12, 2008, and continuing until the Chief Justice determines that assistance is no longer necessary, in light of the illness of Justice Joseph P. Albright.

In August 2007, National Auto filed an action in the Circuit Court of Harrison County styled *West Virginia National Auto Insurance Company, Inc. v. Gulf Coast Collection Bureau, Inc.; and John A. Yanchek,* civil action no. 07–C–517. Seeking recovery for the failure to pursue the subrogation claims, National Auto alleged breach of contract, fraud, misrepresentation and breach of fiduciary duty against Gulf Coast and legal malpractice, breach of fiduciary duty and conversion against Yanchek. A cross-claim was filed against Yanchek by Gulf Coast.

Soon after, Yanchek filed a motion to dismiss the complaint and a motion to dismiss the cross-claim for lack of personal jurisdiction. In support, Yanchek submitted his affidavit dated September 27, 2007, stating that he has never held a license to practice law in West Virginia and has never been admitted in this State *pro hac vice.* The affidavit also stated that Yanchek never transacted any business in West Virginia or advertised in

this State. In response, National Auto and Gulf Coast asserted that Yanchek accepted the 13 subrogation claims and the money for the filing fees with the expectation of litigating cases and being paid for his services in West Virginia. Moreover, his failure to pursue the claims resulted in injury in this State (1) by rendering National Auto unable to litigate the claims forwarded to him which are now barred by the statute of limitations, and (2) by his failure to return the money for the filing fees. National Auto and Gulf Coast asserted that personal jurisdiction over Yanchek was, thus, proper in the Circuit Court of Harrison County.[2]

By order entered on November 16, 2007, the Circuit Court granted Yanchek's motions and dismissed the complaint and cross-claim against him. As the Circuit Court concluded:

[T]here is no factual evidence that would tend to support the allegation that Mr.

2. This Court's consideration of whether to grant extraordinary relief in this matter has been rendered problematic by the state of the exhibits submitted by the parties. The November 16, 2007, order granting the motions to dismiss and the May 15, 2008, order denying National Auto's motion to reconsider include certificates from the Circuit Clerk of Harrison County that they are true copies of orders filed in the underlying action. The remainder of the exhibits consist of copies of: (1) the complaint of National Auto, (2) the September 27, 2007, affidavit of John A. Yanchek, (3) the October 23, 2007, affidavit of Jack W. Brown, Vice President of Gulf Coast and (4) a letter dated March 30, 2007, from Yanchek to counsel for National Auto.

The complaint, submitted as an exhibit, appears to be a copy of a private fax transmission and is partly illegible. The affidavit of Yanchek, submitted to the Circuit Court in support of dismissal, is before this Court, but neither of the motions to dismiss the claims of National Auto and Gulf Coast has been made an exhibit in this proceeding. Similarly, the affidavit of Jack W. Brown, attached to Gulf Coast's opposition to dismissal and indicating that Yanchek falsely reported that he was pursuing the claims in West Virginia, is before this Court, but the pleading to which the affidavit was attached has not been made an exhibit. Nor, in that regard, does this Court have the cross-claim of Gulf Coast. Moreover, National Auto's motion to reconsider and related pleadings and responses have not been submitted to this Court.

Finally, this Court has a copy of a letter dated March 30, 2007, from Yanchek to counsel for National Auto. In the letter, Yanchek responds to

a requested status report concerning some of the claims by indicating that no actions were filed because Yanchek was unable to gain admission to practice in West Virginia upon a *pro hac vice* basis. Yanchek admits having received the claims, and states that the money for the filing fees will be returned. National Auto asserts that the letter supports a finding of personal jurisdiction over Yanchek in this State. No reference to the letter, however, appears in the order granting the motions to dismiss or the order denying National Auto's motion to reconsider. The letter is not referenced as having been attached to any pleading below. Nor is the copy of the letter before this Court accompanied by a stamp or certification showing that it was filed in the Circuit Court.

Although this proceeding is not an appeal requiring a designated record from the Circuit Court, and although the nature and extent of the appendix of exhibits to be filed pursuant to Rule 14 of the Rules of Appellate Procedure are somewhat optional, the parties are in sharp conflict concerning the validity of the Circuit Court's interpretation of the factual basis underlying its conclusion that it lacked personal jurisdiction over Yanchek. In that regard, in the absence of the motions resulting in the ruling in question, the responsive pleadings and other matters considered by the Circuit Court, this Court is rather "at sea without a chart or compass" in verifying the factual basis and the contentions of the parties surrounding the Circuit Court's ruling. *Workman v. Workmen's Compensation Commissioner,* 160 W.Va. 656, 662, 236 S.E.2d 236, 240 (1977).

Yanchek was transacting business in the State of West Virginia. Mr. Yanchek has never transacted business in the State of West Virginia. He is not licensed to practice law in West Virginia, nor has he ever advertised his legal services in West Virginia. Therefore, there is no factual evidence to support a finding of *in personam* jurisdiction[.]

In so ruling, the Circuit Court indicated that it had construed the facts in the light most favorable to National Auto. Subsequently, by order entered on May 15, 2008, the Circuit Court denied National Auto's motion to reconsider. In that order, the Circuit Court stated that it "continues to find there is no factual evidence that would tend to support the allegation that Mr. Yanchek was transacting business in the State of West Virginia."

On August 22, 2008, National Auto filed the petition for a writ of prohibition requesting an order from this Court "directing the Circuit Court that personal jurisdiction over Yanchek is appropriate." On September 25, 2008, this Court issued a rule to show cause why relief should not be granted.

## II.

### Standards of Review

■ This Court has original jurisdiction in prohibition proceedings pursuant to Art. VIII, § 3, of The Constitution of West Virginia. That jurisdiction is recognized in Rule 14 of the West Virginia Rules of Appellate Procedure and in various statutory provisions. *W. Va.Code,* 51–1–3 (1923); *W. Va. Code,* 53–1–2 (1933). In considering whether to grant relief in prohibition, this Court stated in the syllabus point of *State ex rel. Vineyard v. O'Brien,* 100 W.Va. 163, 130 S.E. 111 (1925), as follows: "The writ of prohibition will issue only in clear cases where the inferior tribunal is proceeding without, or in excess of, jurisdiction." Syl. pt. 1, *State ex rel. Johnson v. Reed,* 219 W.Va. 289, 633 S.E.2d 234 (2006); syl. pt. 1, *State ex rel. Brison v. Kaufman,* 213 W.Va. 624, 584 S.E.2d 480 (2003); syl. pt. 1, *State ex rel. Laura R. v. Jackson,* 213 W.Va. 364, 582 S.E.2d 811 (2003); *State ex rel. Murray v.*

*Sanders,* 208 W.Va. 258, 260, 539 S.E.2d 765, 767 (2000); *State ex rel. Barden and Robeson Corporation v. Hill,* 208 W.Va. 163, 166, 539 S.E.2d 106, 109 (2000).

■ National Auto does not assert that the Circuit Court lacked jurisdiction to consider Yanchek's motions to dismiss for lack of personal jurisdiction. Rather, National Auto contends that, in view of the facts before the Circuit Court, and in the absence of an evidentiary hearing for further factual development, the Circuit Court exceeded its authority in dismissing Yanckek from the action. In that regard, a more specific standard is found in syllabus point 4 of *State ex rel. Hoover v. Berger,* 199 W.Va. 12, 483 S.E.2d 12 (1996), which holds:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 1, *State ex rel. Blake v. Hatcher,* 218 W.Va. 407, 624 S.E.2d 844 (2005); syl. pt. 1, *State ex rel. Cosenza v. Hill,* 216 W.Va. 482, 607 S.E.2d 811 (2004); syl. pt. 2, *State ex rel. Isferding v. Canady,* 199 W.Va. 209, 483 S.E.2d 555 (1997).

■ Of course, as an extraordinary remedy invoking the original jurisdiction of this

Court, a petition for a writ of prohibition may not be used as a substitute for an appeal. Syl. pt. 1, *State ex rel. Gibson v. Hrko*, 220 W.Va. 574, 648 S.E.2d 338 (2007); syl. pt. 3, *Hoover, supra;* syl. pt. 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953). As early as 1873, this Court stated that "a mere error in the proceeding may be ground of appeal or review, but not of prohibition." Syl. pt. 3, in part, *Buskirk v. Judge of Circuit Court*, 7 W.Va. 91 (1873).

## III.

### Discussion

Pursuant to *W. Va.Code*, 56–3–33(a) (2002), certain enumerated acts, if engaged in by a nonresident individual, shall subject him or her to the personal jurisdiction of the circuit courts of this State.[3] *See*, syl. pt. 5, *Abbott v. Owens–Corning Fiberglas Corporation*, 191 W.Va. 198, 444 S.E.2d 285 (1994)(holding that, when analyzing whether personal jurisdiction exists over a foreign corporation or other nonresident, the first step involves determining whether the defendant's actions satisfy our personal jurisdiction statutes, and the second step involves determining whether the defendant's contacts with this State satisfy federal due process standards). The acts included in *W. Va.Code*, 56–3–33(a) (2002), relevant to this proceeding are described as:

> (1) Transacting any business in this State; [or] * * *
>
> (4) Causing tortious injury in this State by an act or omission outside this State if he or she regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State[.]

Here, both National Auto and Gulf Coast rely upon this Court's recent opinion in *Hoover v. Moran*, 222 W.Va. 112, 662 S.E.2d 711 (2008), a direct appeal, for the principle that,

in ruling upon a motion to dismiss, all reasonable inferences must be drawn in favor of the plaintiff. Thus, National Auto and Gulf Coast assert that Yanchek committed the above acts under *W. Va.Code*, 56–3–33(a) (2002): (1) by accepting the subrogation claims and the money for the filing fees with the expectation of litigating cases and being paid for his services in West Virginia, (2) by allowing a number of claims to be barred by the statute of limitations to the detriment of National Auto and (3) by failing to return the money for the filing fees. National Auto, therefore, asks this Court to conclude that personal jurisdiction over Yanchek "is appropriate" and that its complaint against him should not have been dismissed. Gulf Coast contends that the Circuit Court should be "reversed and the matter remanded."

■ National Auto and Gulf Coast assert that, at a minimum, this Court should direct the Circuit Court to conduct an evidentiary hearing or to allow further opportunity for factual development. In the latter regard, National Auto indicates that the Circuit Court denied its request for "further discovery as to the nature of the relationship" connecting National Auto, Gulf Coast and Yanchek. This Court does not have the benefit, however, of any exhibits relating to discovery matters or requests therefor. Nor can this Court determine whether a motion for an evidentiary hearing was filed below. *See, Bowers v. Wurzburg*, 202 W.Va. 43, 501 S.E.2d 479 (1998), where, also in a direct appeal, this Court held that the Circuit Court of Jefferson County committed error in refusing the plaintiffs' request for reasonable time to conduct discovery upon the issue of personal jurisdiction. In this proceeding, however, it is uncertain whether National Auto's request for further discovery was directed to the issue of whether the Circuit Court had personal jurisdiction over Yanchek.[4]

---

3. Subsequent amendments to *W.Va.Code*, 56–3–33 (2002), are not relevant to the time frame with which this proceeding is concerned.

4. Syllabus point 4 of *State ex rel. Bell Atlantic–West Virginia v. Ranson*, 201 W.Va. 402, 497 S.E.2d 755 (1997), holds:

> When a defendant files a motion to dismiss for lack of personal jurisdiction under *W. Va. R. Civ. P.* 12(b)(2), the circuit court may rule on the motion upon the pleadings, affidavits and other documentary evidence or the court may permit discovery to aid in its decision. At this stage, the party asserting jurisdiction need

In *Easterling v. American Optical Corporation,* 207 W.Va. 123, 529 S.E.2d 588 (2000), this Court confirmed that a court with subject matter jurisdiction nevertheless exceeds its legitimate powers when it undertakes to hear and determine a proceeding without jurisdiction of the parties. 207 W.Va. at 129, 529 S.E.2d at 594. In *Easterling,* this Court concluded that the exercise of personal jurisdiction over Buckeye Monument Company satisfied due process standards, where the evidence received below revealed that Buckeye performed work on headstones and monuments in West Virginia on numerous occasions.

In so holding, this Court noted that, where an evidentiary hearing is conducted and findings of fact entered, personal jurisdiction must be established by a preponderance of the evidence, and a "clearly erroneous standard of review is ordinarily invoked." 207 W.Va. at 127, 529 S.E.2d at 592. By contrast, this Court also noted in *Easterling* that, where a motion to dismiss is to be decided upon pleadings, affidavits, other documentary evidence and, where permitted, discovery, only a *prima facie* showing of personal jurisdiction need be made. 207 W.Va. at 127, 529 S.E.2d at 592. *See,* n. 4, *supra.*

The decisions *Hoover v. Moran, Bowers* and *Easterling,* however, have in common the fact that they were direct appeals originating from motions to dismiss, rather than original proceedings filed in this Court for extraordinary relief. The petitioner, National Auto, seeks a determination, through a writ of prohibition, that personal jurisdiction over Yanchek is appropriate, and Gulf Coast asks that the ruling below be reversed and the case remanded to the Circuit Court. Those requests more closely resemble the relief commonly sought upon appeal and are inappropriate for a proceeding within this Court's original jurisdiction. As mentioned above, this Court has long recognized that prohibition may not be used as a substitute for an appeal. Moreover, prohibition is a drastic, tightly circumscribed, remedy which should be invoked only in extraordinary situations. *Health Management v. Lindell,* 207 W.Va. 68, 72, 528 S.E.2d 762, 766 (1999); *State ex rel. Frazier v. Hrko,* 203 W.Va. 652, 657, 510 S.E.2d 486, 491 (1998); *State ex rel. Allen v. Bedell,* 193 W.Va. 32, 37, 454 S.E.2d 77, 82 (1994) (Cleckley, J., concurring); 72A C.J.S. *Prohibition* § 11 (2004). Given the insufficiency of the exhibits filed before this Court, the granting of relief in prohibition is, *a fortiori,* unwarranted.[5]

Nor would this Court be justified in granting relief in prohibition upon the assertion of National Auto and Gulf Coast that the Circuit Court should be directed to conduct an evidentiary hearing, or allow further oppor-

---

only make a *prima facie* showing of personal jurisdiction in order to survive the motion to dismiss. In determining whether a party has made a *prima facie* showing of personal jurisdiction, the court must view the allegations in the light most favorable to such party, drawing all inferences in favor of jurisdiction. If, however, the court conducts a pretrial evidentiary hearing on the motion, or if the personal jurisdiction issue is litigated at trial, the party asserting jurisdiction must prove jurisdiction by a preponderance of the evidence. Syl., *Griffith & Coe Advertising v. Farmers & Merchants Bank and Trust,* 215 W.Va. 428, 599 S.E.2d 851 (2004); syl. pts. 1 and 2, *Bowers, supra.;* F.D. Cleckley, R.J. Davis, L.J. Palmer, *Litigation Handbook on West Virginia Rules of Civil Procedure* § 12(b)(2)[2] (3rd ed.2008).

5.  The requests in this proceeding for further factual development notwithstanding, the parties are in conflict with regard to the Circuit Court's interpretation of apparently uncontested facts surrounding Yanchek's acceptance and handling of the subrogation claims. However, as stated previously, this Court is unable to determine precisely what matters were considered by the Circuit Court in granting the motions of Yanchek to dismiss. *See,* n. 2, *supra.* Nevertheless, as set forth in the order of November 16, 2007, the Circuit Court found that Yanchek never transacted business in West Virginia, was not licensed to practice law in West Virginia and did not advertise his legal services in West Virginia.

This Court is not unmindful of precedent to the effect that prohibition is generally inappropriate "where jurisdiction turns upon contested issues of fact." *Health Management, supra,* 207 W.Va. at 72, 528 S.E.2d at 766. *See also, State ex rel. Zirk v. Muntzing,* 146 W.Va. 878, 894, 122 S.E.2d 851, 860 (1961) (prohibition is not available where jurisdiction depends upon controverted facts which the lower court is competent to determine). However, as suggested in this opinion, this Court need not reach that principle in concluding that, in the circumstances of this proceeding, relief in prohibition should not be granted.

tunity for factual development, upon the issue of personal jurisdiction. Beyond asking for "other relief" in general terms, the petition for a writ of prohibition filed by National Auto seeks only a determination that personal jurisdiction over Yanchek "is appropriate" in the Circuit Court. Moreover, the petition, filed in this Court on August 22, 2008, was filed approximately 9 months after the entry of the November 16, 2007, order dismissing the claims against Yanchek and approximately 3 months following the order of May 15, 2008, denying National Auto's motion to reconsider. While there is no specific time frame for the filing of a writ of prohibition, extraordinary remedies are, by their very nature, to be considered upon a case-by-case basis. As a result, in this proceeding, where the petitioner is seeking further development of the underlying facts, the petition for a writ of prohibition should have been filed promptly. In that regard, the relatively low threshold of establishing a *prima facie* case of personal jurisdiction over Yanchek, which the Circuit Court determined National Auto failed to do, compared to the high standard associated with relief in prohibition, should have led the petitioner to develop the record and challenge the rulings below more aggressively.[6]

## IV.

### Conclusion

As stated in *State ex rel. Ward v. Hill,* 200 W.Va. 270, 489 S.E.2d 24 (1997), because the remedy sought by prohibition is extraordinary, this Court has limited the exercise of its original jurisdiction to circumstances of an extraordinary nature. 200 W.Va. at 275, 489 S.E.2d at 29. Here, the circumstances lack the compelling quality which in other matters, such as where a finding of personal jurisdiction compels a defendant to remain in an action, would demand further scrutiny of the extraordinary relief sought. Upon the

petition and exhibits before this Court, the petitioner has failed to establish that the Circuit Court of Harrison County exceeded its jurisdiction in granting Yanchek's motions to dismiss. Accordingly, the writ of prohibition sought by West Virginia National Auto Insurance Company, Inc., is denied.

Writ denied

Justice ALBRIGHT did not participate in the issuance of this Opinion.

Senior Status Justice McHUGH sitting by temporary assignment.

---

6. With regard to the remedy of appeal, the following language is found in *Lewis v. Fisher,* 114 W.Va. 151, 154, 171 S.E. 106, 107 (1933), in the context of prohibition: "The right of the trial court to determine the existence or non-existence of facts that give rise to its own jurisdiction will not be interfered with by any other court, and the sole remedy is by appeal or writ of error." Here,

the parties contest whether National Auto can yet appeal the dismissal of Yanchek in view of the on-going litigation remaining in the Circuit Court, or whether such an appeal would be untimely at this point in view of the entry of the orders in question. This Court need not address that issue in this proceeding.