## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS


**David R.,**
**Petitioner Below, Petitioner**

**vs.) No. 21-0440** (Wyoming County 19-C-45)

**The Honorable Eric Shuck, Judge of the**
**Thirteenth Family Court Circuit, and**
**Honey R.,**
**Respondents Below, Respondents**


## MEMORANDUM DECISION


Petitioner David R.,[1] appeals the Circuit Court of Wyoming County's May 7, 2021, order denying his motion to enforce an earlier granted writ of prohibition. Finding no substantial question of law and no prejudicial error, a memorandum decision affirming the order of the circuit court is appropriate. *See* W. Va. R.A.P. 21.

Because the issue before the Court in this matter is an extremely limited legal issue, it is unnecessary to set forth a detailed recitation of the facts leading up to petitioner's challenges to personal jurisdiction through a writ of prohibition, and subsequent motion to enforce the writ, in the circuit court. It is, instead, sufficient to set forth the following. In 2018, respondent filed an action for divorce in the Family Court of Wyoming County. At that time petitioner was, and has remained, a resident of Indiana. After limited proceedings in the divorce matter, the family court entered an amended temporary order on March 25, 2019, in which it, among other things, ordered petitioner to pay temporary spousal support to respondent and awarded respondent real property. The order also indicated that it would proceed to a final hearing on the issues of equitable distribution, spousal support, attorney's fees, and custody of the parties' child.

On May 24, 2019, petitioner filed a petition for a writ of prohibition in the Circuit Court of Wyoming County seeking to prohibit enforcement of the March 25, 2019, order on the grounds that the family court lacked personal jurisdiction over him. The circuit court granted the writ,

---

[1]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e). Petitioner appears by counsel Timothy A. Bradford. Respondent Honey R. appears by counsel Lyne Ranson.

finding, in relevant part, that the March 25, 2019, order "fails to make a finding as to service of process" and that it failed to find whether constructive service had been achieved. The circuit court concluded that the "failure to make a finding as to service of process is contrary to West Virginia Code [§] 48-5-103(b)" and that the order was, therefore, "contrary of law, is clear error, and exceeds the [f]amily [c]ourt's legitimate powers." The circuit court further ordered that respondent could be granted a divorce but that the family court was prohibited from considering "spousal support, awarding of personal property, awarding of real property, . . . child support, and child custody . . . until and when personal jurisdiction has been achieved."

Following the circuit court's entry of this order, the family court vacated its temporary order that was the subject of the writ of prohibition. After a hearing in July of 2020, the family court "proceeded to make findings of fact along with the appropriate legal analysis to determine several reasons that personal jurisdiction over the [p]etitioner is proper."

In March of 2021, petitioner filed a "Motion to Enforce Writ of Prohibition" in the circuit court, arguing that the circuit court's 2019 order granting him a writ of prohibition "precluded a West Virginia court *from ever* having in personam jurisdiction over him." The circuit court, however, denied the motion, finding that "there is no further Order Granting Writ to enforce," as the family court enforced and followed all directives set forth in the circuit court's prior order. The circuit court went on to explain that petitioner was not actually seeking enforcement of the prior order but was, instead, "asking for an entirely separate and *new* Order Granting Writ of Prohibition that finds that the [f]amily [c]ourt's findings of fact during the July 27, 2020, hearing were wrong or misapplied." The circuit court then concluded that *Health Management, Inc. v. Lindell*, 207 W. Va. 68, 528 S.E.2d 762 (1999), prohibits the issuance of a writ of prohibition based on findings of fact related to jurisdictional questions. As such, the circuit court denied petitioner's motion. Petitioner now appeals the circuit court's order denying his motion.

"Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

On appeal, all of petitioner's arguments concern his belief that "the circuit court erred in concluding that the family court . . . has obtained personal jurisdiction over the petitioner." But petitioner fails to recognize that the form of his motion did not require the circuit court to undertake a full review of the family court's determination that personal jurisdiction over petitioner was appropriate. Instead, the circuit court simply declined to enforce the prior order granting petitioner prohibition relief because, as it correctly concluded, there was nothing left to enforce. In the order granting prohibition relief, the circuit court prohibited the family court from proceeding on certain matters "until and when personal jurisdiction has been achieved," and specifically cited the family court's failure to make specific findings regarding service on petitioner as a basis for prohibition relief. Given that the family court vacated its prior temporary order and then issued a new order making extensive findings as to its basis for personal jurisdiction over petitioner, it appears that the family court fully complied with the circuit court's order granting petitioner prohibition relief. As such, the circuit court did not err in denying petitioner's motion to enforce the writ of prohibition.

Further, petitioner's challenge to the family court's specific factual findings underlying its determination that it may exercise personal jurisdiction is not a proper basis to seek a new writ of prohibition. Petitioner filed a motion with the circuit court, which the circuit court construed as a petition for a new writ of prohibition. We agree with the circuit court that petitioner's challenge to the factual findings concerning personal jurisdiction is not appropriate in prohibition. We have explained as follows:

> As this Court specified in Syllabus point 10 of *Jennings v. McDougle*, 83 W.Va. 186, 98 S.E. 162 (1919), "[w]hen a court is attempting to proceed in a cause without jurisdiction, prohibition will issue as a matter of right regardless of the existence of other remedies." However, relief in prohibition is inappropriate where jurisdiction turns on contested issues of fact. *See Health Mgmt., Inc. v. Lindell*, 207 W.Va. 68, 72, 528 S.E.2d 762, 766 (1999); *Lewis v. Fisher*, 114 W.Va. 151, 154, 171 S.E. 106, 107 (1933).

*State ex rel. Ford Motor Co. v. McGraw*, 237 W. Va. 573, 580, 788 S.E.2d 319, 326 (2016). As such, petitioner cannot be entitled to relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: October 26, 2022


**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn