# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Rhonda Eddy,**
**Plaintiff Below, Petitioner**

**FILED**

April 25, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-0888** (Jefferson County 13-C-142)

**Ingenesis, Inc.,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rhonda Eddy, by counsel Harry P. Waddell, appeals the order of the Circuit Court of Jefferson County, entered July 9, 2013, that dismissed her West Virginia Wage Payment and Collection Act ("WPCA") claim against her former employer, Respondent Ingenesis, Inc., on personal and subject matter jurisdiction grounds. Respondent is a Texas corporation whose primary business is providing federal contractors with healthcare personnel in states other than West Virginia. Respondent filed a response by counsel Carol T. Stone.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to her employment with respondent, petitioner worked for STGi, a corporation that recruits healthcare workers for federal contractors. At STGi, petitioner was the program manager for one of the federal contractors STGi served: Homeland Security, Immigration, and Customs Enforcement Health Services Corporation ("HSIC").

In April of 2012, respondent submitted a bid to HSIC to replace STGi as HSIC's healthcare staff provider. Petitioner claims that respondent's bid stated that petitioner had a contingent offer of employment with respondent. Therefore, if respondent got the contract with HSIC, petitioner would continue to be the HSIC's program manager. On July 19, 2012, HSIC awarded respondent a five year contract. Soon thereafter, respondent hired petitioner to serve as HSIC's "Director of Correctional and Detention Healthcare Staffing."

Shortly after it hired petitioner, respondent applied for and received a certificate of authority to transact business in West Virginia from West Virginia's Secretary of State.

Petitioner entered into an employment contract with respondent that contained a choice of law clause providing that the parties' relationship would be governed by the laws of the State of

1

Texas. Respondent designated petitioner as an employee at its San Antonio, Texas headquarters. Further, petitioner's e-mail signature identified her business address as respondent's headquarters in Texas, and her work phone had a Texas phone number. The parties agreed that petitioner would work remotely from her home office in West Virginia and manage healthcare personnel who worked primarily in Texas and Arizona.

Petitioner claims that she conducted ninety percent of her work for respondent from her home in West Virginia using a computer and phone provided by respondent. Petitioner also claims that respondent based her travel reimbursement on the distance to and from her West Virginia office, deducted West Virginia state income tax from her pay and sent it to the State of West Virginia, and paid West Virginia unemployment tax on her behalf.

Seven months after it hired petitioner, respondent terminated her employment, without cause, on February 15, 2013. Ten days later, on February 25, 2013, respondent paid petitioner all accrued wages and benefits.

The WPCA, at West Virginia Code § 21-5-4(b), provides, in relevant part, as follows:

Whenever a person, firm or corporation discharges an employee, the person, firm or corporation shall pay the employee's wages in full no later than the next regular payday or four business days, whichever comes first . . . .

On April 23, 2013, petitioner filed a complaint in West Virginia, in the Circuit Court of Jefferson County, that alleged respondent had violated West Virginia Code § 21-5-4(b), by failing to timely pay her wages and benefits following her termination from employment. Thereafter, respondent's counsel made a special appearance in the Circuit Court of Jefferson County seeking dismissal of petitioner's complaint on the ground that the circuit court did not have personal jurisdiction over respondent or subject matter jurisdiction over petitioner's WPCA claim.

On July 9, 2013, the circuit court, absent a hearing on the matter, granted respondent's motion to dismiss petitioner's complaint. The circuit court found that it did not have personal jurisdiction over respondent under West Virginia's personal jurisdiction statutes, and that respondent did not have sufficient minimum contacts with West Virginia to satisfy federal due process considerations. The circuit court also found that it did not have subject matter jurisdiction over petitioner's WPCA claim because petitioner's employment contract contained a valid choice of law clause that mandated Texas law would govern any dispute between the parties.

Petitioner now appeals the circuit court's order.

This Court reviews a circuit court's order granting a motion to dismiss a complaint under a de novo standard. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

2

On appeal, petitioner raises three assignments of error. Petitioner first argues that the circuit court erred in concluding that it did not have personal jurisdiction over respondent. Petitioner highlights that, pursuant to West Virginia Code § 31D-15-1501(d)(1), personal jurisdiction may be asserted over a foreign corporation in West Virginia where "[t]he corporation makes a contract to be performed, in whole or in part, by any party thereto in this state[.]" Petitioner contends that because her employment contract was to be performed "in whole or in part" from her home office in West Virginia, the circuit court did, in fact, have personal jurisdiction over respondent. Petitioner also highlights that respondent obtained a certificate of authority to transact business in West Virginia.

This Court has determined that

> [a] court must use a two-step approach when analyzing whether personal jurisdiction exists over a foreign corporation or other nonresident. The first step involves determining whether the defendant's actions satisfy our personal jurisdiction statutes . . . The second step involves determining whether the defendant's contacts with the forum state satisfy federal due process.

Syl. Pt. 5, *Abbott v. Owens-Corning Fiberglas Corp.*, 191 W.Va. 198, 444 S.E.2d 285 (1994). Further, in regard to a motion to dismiss for lack of personal jurisdiction, such as the one in this case, we have said,

> ". . . the circuit court may rule on the motion upon the pleadings, affidavits and other documentary evidence or the court may permit discovery to aid in its decision. At this stage, the party asserting jurisdiction need only make a *prima facie* showing of personal jurisdiction in order to survive the motion to dismiss. In determining whether a party has made a *prima facie* showing of personal jurisdiction, the court must view the allegations in the light most favorable to such party, drawing all inferences in favor of jurisdiction. . . ." Syl. pt. 4, *State ex rel. Bell Atlantic—West Virginia, Inc. v. Ranson*, 201 W.Va. 402, 497 S.E.2d 755 (1997).

Syl.*, Griffith & Coe Adver. Inc. v. Farmers & Merch. Bank & Trust*, 215 W.Va. 428, 599 S.E.2d 851 (2004).

We concur with the circuit court's finding that petitioner failed to make a prima facie showing that the circuit court had personal jurisdiction over respondent. Specifically, petitioner failed to show that respondent satisfied any of the requirements of West Virginia § 56-3-33(a), which provides, in relevant part, as follows:

> The engaging by a nonresident, or by his or her duly authorized agent, in any one or more of the acts specified in subdivisions (1) through (7) of this subsection shall be deemed equivalent to an appointment by such nonresident of the Secretary of State, or his or her successor in office, to be his or her true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her, in any circuit court in this state, including an action or

3

proceeding brought by a nonresident plaintiff or plaintiffs, for a cause of action arising from or growing out of such act or acts, and the engaging in such act or acts shall be a signification of such nonresident's agreement that any such process against him or her, which is served in the manner hereinafter provided, shall be of the same legal force and validity as though such nonresident were personally served with a summons and complaint within this state:

(1) *Transacting any business in this state*;

(Emphasis added.) Petitioner argues that respondent transacted business in this state because she worked from her home office in West Virginia. However, as the circuit court concluded, petitioner failed to meet her prima facie burden of showing that respondent transacted business in West Virginia. First, the bald fact that respondent obtained a certificate of authority to transact business in West Virginia does not mean that respondent actually transacted business here. Second, respondent had no contracts for healthcare staffing in West Virginia, and petitioner did not manage any healthcare providers in West Virginia on respondent's behalf. Consequently, even when viewing petitioner's allegations in the light most favorable to her, and drawing all inferences in favor of jurisdiction, we find that the circuit court did not err when it determined that petitioner failed to make a prima facie showing that West Virginia's personal jurisdiction statutes applied in this case.

Petitioner next argues that the circuit court erred in concluding that respondent's activities in West Virginia did not establish sufficient minimum contacts to satisfy due process.

> "'The standard of jurisdictional due process is that a foreign corporation must have such minimum contacts with the state of the forum that the maintenance of an action in the forum does not offend traditional notions of fair play and substantial justice.' Syllabus Point 1, *Hodge v. Sands Manufacturing Company*, 151 W.Va. 133, 150 S.E.2d 793 (1966)."

Syl., *S.R. v. City of Fairmont*, 167 W.Va. 880, 280 S.E.2d 712 (1981). Further, "before a non-resident . . . corporation can be haled into the courts of another state, there must first be a showing of sufficient ties or connections to that state which demonstrate a purposeful interjection into the forum state." *Grove v. Maheswaran*, 201 W.Va. 502, 505, 498 S.E.2d 485, 488 (1997). Finally, "[t]o what extent a nonresident defendant has minimum contacts with the forum state depends upon the facts of the individual case. One essential inquiry is whether the defendant has purposefully acted to obtain benefits or privileges in the forum state." Syl. Pt. 3, *Pries v. Watt*, 186 W.Va. 49, 410 S.E.2d 285 (1991).

In the case on appeal, the circuit court correctly determined that petitioner failed to make a prima facie showing that respondent had sufficient minimum contacts with West Virginia to satisfy due process. First, petitioner did not show that respondent purposefully acted to obtain benefits or privileges in West Virginia. Second, as noted above, respondent does not transact business in West Virginia. Third, petitioner does not claim that respondent hired her because her office would be located in West Virginia. Fourth, respondent did not require petitioner to work from West Virginia. Fifth, petitioner does not offer evidence of any benefit to respondent

4

resulting from the fact that petitioner's office was located in West Virginia. Sixth, petitioner does not contest that respondent designated her as an employee at its Texas headquarters; that her e-mail signature identified petitioner's business address as respondent's headquarters in Texas; or that her work phone had a Texas phone number. Based on this record, we cannot say that the circuit court erred in ruling that respondent did not have sufficient minimum contacts with West Virginia to satisfy due process. Consequently, because petitioner failed to satisfy either prong of the *Abbott v. Owens-Corning Fiberglas Corporation* test, the circuit court did not err in finding that it did not have personal jurisdiction over respondent.

Petitioner's third and final assignment of error is that the circuit court erred in concluding that it lacked subject matter jurisdiction over petitioner's WPCA claim. Petitioner argues that even though her employment contract provided that her agreement with respondent "shall be governed by the laws of Texas[,]" the contract was silent regarding payment of final wages and benefits upon discharge.

Petitioner's employment contract with respondent contained a valid choice of law provision that specifically stated the parties' employment relationship would be governed by Texas law. Therefore, the circuit court correctly determined that it did not have subject matter jurisdiction over petitioner's claim for monetary damages under the WPCA.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 25, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II