686 S.E.2d 593

STATE of West Virginia ex rel. PROGRESSIVE CLASSIC INSURANCE COMPANY, Petitioner

v.

The Honorable Thomas A. BEDELL, Judge of the Circuit Court of Harrison County, West Virginia, and Judith A. Swoger, Respondents.

No. 34858.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 23, 2009.

Decided Oct. 13, 2009.

R. Carter Elkins, Esq., Laura L. Gray, Esq., Campbell Woods, PLLC, Huntington, WV, for Progressive Classic Ins. Co.

David J. Romano, Esq., Rachel Romano, Esq., Romano Law Office, Clarksburg, WV, for Judith A. Swoger.

KETCHUM, Justice:

This original proceeding is before this Court upon the petition of Progressive Classic Insurance Company asking this Court to prohibit the enforcement of the February 11, 2009, order of the Circuit Court of Harrison County, West Virginia. Pursuant to that order, the Circuit Court denied Progressive's motion to set aside contempt and various sanction orders arising from Progressive's failure to respond to a subpoena duces tecum. The subpoena, issued to Progressive in August 2008, concerned a scheduled deposition in the underlying personal injury action brought by Judith A. Swoger against Dina J. McKinney. Although not a party in the action, Progressive is the insurer of McKinney and was named in the subpoena as a corporate deponent pursuant to Rule 30(b)(7) of the West Virginia Rules of Civil Procedure.

Progressive contends that the Circuit Court was without jurisdiction to enter the contempt and sanction orders because the subpoena duces tecum was served upon Progressive through the West Virginia Secretary of State, rather than by personal service as contemplated under West Virginia Rule of Civil Procedure 45(b)(1) and Rule 4(d)(1)(A). The response filed by Judith A. Swoger asserts that service of the subpoena was proper and that the contempt and sanction orders were warranted because of Progressive's failure to timely challenge the subpoena or respond to the admonitions of the Circuit Court concerning compliance with the subpoena's provisions.

This Court has before it the petition for a writ of prohibition, the response, all exhibits and the argument of counsel. As discussed below, Progressive is correct in indicating that Rules 45(b)(1) and Rule 4(d)(1)(A) provide a valid route, through personal service, by which Progressive could have been served with the subpoena duces tecum. This Court is of the opinion, however, that a subpoena or a subpoena duces tecum for a Rule 30(b)(7) deposition may, in addition, be served upon a corporation, such as Progressive, through the corporation's agent or attorney-in-fact authorized by appointment or by statute to receive or accept service in the corporation's behalf.

This Court concludes that Progressive was properly served with the subpoena duces tecum in the underlying action. Moreover, this Court concludes that the contempt and sanction orders imposed upon Progressive were within the Circuit Court's discretion and that the Circuit Court did not exceed its jurisdiction in that regard. Progressive Classic Insurance Company is, therefore, not entitled to relief, and its petition to prohibit the enforcement of the February 11, 2009, order is denied.

## I.

### Procedural Background

On July 16, 2006, the automobile driven by Swoger was allegedly rear-ended at a stoplight by the automobile driven by McKinney. Swoger filed a personal injury action in the Circuit Court of Harrison County seeking compensatory and punitive damages. The action was styled *Judith A. Swoger v. Dina J. McKinney,* civil action no. 08–C–330–2. McKinney's automobile liability insurance carrier is Progressive Classic Insurance Company, a foreign corporation doing business in West Virginia.

Thereafter, a subpoena duces tecum, emanating from Swoger's counsel, was issued

pursuant to W.Va. R. Civ. P. 30(b)(7) requiring Progressive to designate a witness, or witnesses, to testify and produce documents at a deposition scheduled for September 4, 2008. The deposition was to take place at the law office of Swoger's counsel in the City of Clarksburg, Harrison County. As Rule 30(b)(7) states:

> A party may in a notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision does not preclude taking a deposition by any other procedure authorized in these rules.

The subpoena duces tecum sought factual information from Progressive's investigation of the accident. Specifically, the subpoena requested: (1) photographs, film, videotape, diagrams, maps or drawings of the scene, (2) witness statements concerning the accident, (3) medical information and (4) a certified copy of the policy issued by Progressive to McKinney.

On August 21, 2008, the West Virginia Secretary of State accepted service of the subpoena duces tecum as Progressive's statutory attorney-in-fact and transmitted the subpoena by certified mail to Progressive's registered agent, C.T. Corporation System.[1] C.T. Corporation System is located in Charleston, West Virginia, and the return receipt for the subpoena was signed by an employee of C.T. Corporation System on August 25, 2008. In addition, by letter dated August 21, 2008, counsel for Swoger sent a copy of the subpoena duces tecum to Progressive's claims representative, Michael W. Eaton, also located in Charleston.

It is undisputed that Progressive had actual notice of the subpoena duces tecum. Progressive, however, did not object or otherwise respond to the subpoena. Nor did it appear at the September 4, 2008, deposition. *See,* W.Va. R. Civ. P. 45 authorizing objections with regard to subpoenas.

## II.

### The Contempt and Sanction Orders

On September 10, 2008, Swoger moved for a finding of contempt against Progressive for failing to respond to the subpoena duces tecum and for failing to appear at the scheduled deposition. The following day, the Circuit Court entered an order directing Progressive to file a response to the motion by September 18, 2008. No response was filed; nor did Progressive appear at the subsequent hearing upon Swoger's motion.

By order entered on October 1, 2008, the Circuit Court: (1) found Progressive in contempt, (2) awarded Swoger costs and attorney fees in the amount of $1,062.50 and (3) directed Progressive to appear at the law office of Swoger's counsel on October 29, 2008, for the Rule 30(b)(7) deposition, as rescheduled, and to produce the requested documents. In so ruling, the Circuit Court

---

1. Chapter 33 of the West Virginia Code is entitled *Insurance,* and *W.Va.Code,* 33–4–12 (2001), provides in part: "The Secretary of State shall be, and is hereby constituted, the attorney-in-fact of every licensed insurer, domestic, foreign or alien, transacting insurance in this State, upon whom all legal process in any action, suit or proceeding against it shall be served and he or she may accept service of the process."

   Moreover, Chapter 31D of the Code, known as the *West Virginia Business Corporation Act,* includes two provisions concerning service through the Secretary of State upon a corporation: *W.Va.Code,* 31D–5–504 (2008), concerning corporations generally, and *W.Va.Code,* 31D–15–1510 (2008), concerning foreign corporations. Both statutes state that a corporation's registered agent "is the corporation's agent for service of process, notice or demand required or permitted by law to be served" on the corporation. Moreover, both statutes provide that the West Virginia Secretary of State is constituted or appointed the attorney-in-fact for the corporation and that the Secretary of State has the authority to accept service upon the corporation's behalf.

determined that Progressive was properly served with the subpoena duces tecum but failed to respond or object thereto and, further, that Progressive failed to respond or appear with regard to the contempt motion filed by Swoger.

Soon after, James A. Dodrill, Corporate Claims Counsel for Progressive, sent a letter to Swoger's counsel asserting that, inasmuch as Progressive did not authorize the Secretary of State to accept service of the subpoena duces tecum, the Circuit Court was without jurisdiction to enter the October 1, 2008, order. Moreover, the letter inquired whether there was any case law in West Virginia to the effect that the Secretary of State could accept service in that regard. In a follow-up letter to Swoger's counsel, Dodrill stated that Progressive would not appear at the rescheduled deposition and that, in reaching its position, Progressive "consulted with outside counsel."

Progressive did not appear at the October 29, 2008, rescheduled deposition or produce the requested documents. As a result, Swoger filed a motion in the Circuit Court for contempt sanctions. Progressive did not file a response or attend the hearing on the motion for contempt sanctions conducted by the Circuit Court.

On November 21, 2008, the Circuit Court entered an order imposing a civil penalty for contempt against Progressive in the amount of $5,000. In addition, the Circuit Court imposed a civil penalty for contempt against Progressive in the amount of $750 per day, terminating upon compliance with the subpoena duces tecum. In imposing the penalties, the Circuit Court cited W.Va. R. Civ. P. 45(f) (failure without adequate excuse to obey a subpoena may be deemed contempt) and *State Farm Mutual Automobile Insurance Company v. Stephens*, 188 W.Va. 622, 425 S.E.2d 577 (1992) (a monetary *per diem* penalty, set prospectively, is permissible as a means of ensuring compliance with an underlying discovery order). The Circuit Court

found that Progressive had engaged in deliberate and contumacious disregard of the subpoena and of the proceedings before the Court.[2]

The November 21, 2008, order directed counsel for Swoger to submit an affidavit for additional costs and attorney fees. The affidavit was received, and on December 8, 2008, the Circuit Court awarded Swoger additional costs and attorney fees in the amount of $562.50.

Thereafter, Progressive filed a motion to set aside the contempt and sanction orders. A hearing on the motion was conducted by the Circuit Court with counsel for Progressive, Swoger and McKinney in attendance. On February 11, 2009, the Circuit Court entered an order denying the motion to set aside, and Progressive was instructed to comply with the subpoena duces tecum as well as the Circuit Court's previous orders. Concluding that service of the subpoena duces tecum through the Secretary of State was proper, the order stated that Progressive failed to offer any good faith justification for its failure to challenge the subpoena, or the orders, by filing timely protective motions.

Progressive asks for relief in prohibition from the enforcement of the February 11, 2009, order. On April 30, 2009, this Court issued a rule to show cause why relief should not be awarded.

## III.

### Standards of Review

This Court has original jurisdiction in prohibition proceedings pursuant to Art. VIII, § 3, of The Constitution of West Virginia. That jurisdiction is recognized in Rule 14 of the West Virginia Rules of Appellate Procedure and in various statutory provisions. *W.Va.Code*, 51–1–3 (1923); *W.Va. Code*, 53–1–2 (1933). In considering whether to grant relief in prohibition, this Court stat-

---

**2.** It should be noted that, as it did in the October 1, 2008, order, the Circuit Court found that Progressive was properly served with the subpoena duces tecum. The November 21, 2008, order states: "[T]he Court finds that Progressive Classic Insurance Company was properly served with

legal process requiring Progressive to designate a corporate representative pursuant to Rule 30(b)(7) to attend a deposition and produce documents[.]" The same conclusion was set forth by the Circuit Court in the subsequent order entered on February 11, 2009.

ed in the syllabus point of *State ex rel Vineyard v. O'Brien*, 100 W.Va. 163, 130 S.E. 111 (1925), as follows: "The writ of prohibition will issue only in clear cases where the inferior tribunal is proceeding without, or in excess of, jurisdiction." Syl. pt. 1, *State ex rel. Johnson v. Reed*, 219 W.Va. 289, 633 S.E.2d 234 (2006).

■ According to Progressive Classic Insurance Company, the subpoena duces tecum was not properly served, and, therefore, the Circuit Court was wholly without jurisdiction to enter the subsequent contempt and sanction orders. As syllabus point 10 of *Jennings v. McDougle*, 83 W.Va. 186, 98 S.E. 162 (1919), observes: "When a court is attempting to proceed in a cause without jurisdiction, prohibition will issue as a matter of right regardless of the existence of other remedies." Syl. pt. 2, *State ex rel. Farber v. Mazzone*, 213 W.Va. 661, 584 S.E.2d 517 (2003). It should be noted that, inasmuch as Progressive is not a named party in the underlying action, Progressive has no remedy of appeal.

## IV.

### Discussion

### A.

### Service of the Subpoena Duces Tecum

■ Emphasizing its status as a non-party, foreign corporation, Progressive contends that the Circuit Court was without jurisdiction to enter the contempt and sanction orders because the subpoena duces tecum was served upon Progressive through the Secretary of State, rather than by personal service as contemplated under W.Va. R. Civ. P. 45(b)(1) and W.Va. R. Civ. P. 4(d)(1)(A). Rule 45(b)(1) states that "[s]ervice of a subpoena upon a person named therein shall be made in the same manner provided for service of process under Rule 4(d)(1)(A)." Accordingly, Rule 4(d)(1)(A), provides:

(d) *Manner of Service.*—Personal or substituted service shall be made in the following manner:

(1) Individuals.—Service upon an individual other than an infant, incompetent person, or convict may be made by:

(A) Delivering a copy of the summons and complaint to the individual personally; or

(B) ... [3]

Although the above provisions of the Rules do not expressly refer to the notice and subpoena mentioned in Rule 30(b)(7) concerning depositions, the language employed in Rule 45(b)(1) and 4(d)(1)(A) unquestionably authorizes personal service as a method of serving a subpoena or subpoena duces tecum upon a Rule 30(b)(7) corporate deponent. That conclusion is supported by W.Va. R. Civ. P. 4.1(a) which states, in part: "Rule 45 governs the service of subpoenas." As the exhibits in this proceeding suggest, personal service of the subpoena duces tecum could, thus, have been obtained through Progressive's claims office in Charleston or Bridgeport, West Virginia.

The question to be determined, however, is whether Progressive is correct in asserting that Rule 45(b)(1) and Rule 4(d)(1)(A) pro-

---

3. The West Virginia Business Corporation Act, in *W.Va.Code*, 31D-1-150(14) (2005), defines the word *person* as including "an individual and an entity." Subsection (10) of that statute defines *entity* as including "corporations and foreign corporations." Chapter 33 of the West Virginia Code, concerning insurance, contains both *W.Va. Code*, 33-1-3 (1957), which defines *person* as including an "individual" or a "corporation," and *W.Va.Code*, 33-11-2 (1974), which also defines *person* as including an "individual" or a "corporation."

Similarly, *W.Va.Code*, 11-13-1(b)(1) (2005), concerning taxation, states that the word *person* includes "individual" or "corporation." Moreover, *W.Va.Code*, 16-2D-2(x) (2009), indicates that *person* includes individuals, corporations and other organizations "such as joint-stock companies and insurance companies[.]" The same association of "individual" and "corporation" with *person* may be found in *W.Va.Code*, 29-2A-1(*l*) (1995), concerning miscellaneous boards and officers, *W.Va.Code*, 47-1-1(j) (1994), concerning regulation of trade, and *W.Va.Code*, 62-1D-2(j) (1987), concerning criminal procedure.

In addition, *W.Va.Code*, 2-2-10(i) (1998), pertaining to the construction of statutes, provides that *person* shall include "corporations, societies, associations and partnerships, if not restricted by the context." Finally, *W.Va.Code*, 29B-1-2(2) (1977), concerning freedom of information, defines *person* as including "any natural person, [or] corporation[.]"

vide the exclusive method of service. The federal counterpart to Rule 45(b)(1) concerning service of a subpoena, unlike the State Rule, does not include a reference to service under Rule 4. *See,* Fed.R.Civ.P. 45(b)(1). An examination of West Virginia Rule of Civil Procedure 4(d)(1)(A), however, and the remainder of that subsection, reveals that service of a subpoena or subpoena duces tecum upon a corporate deponent through the Secretary of State constitutes an additional option under the Rules.

As set forth above, Rule 4(d) begins with the mandatory provision that personal service "shall" be made in the following manner. The language thereunder, (1)(A), states that service upon an individual "may" be made by delivering a copy of the summons and complaint to the individual personally; "or" [.] It follows, therefore, that the appearance of the word *may* and the disjunctive word *or* in that subsection mitigate against Rule 4(d)(1)(A) as the exclusive method of service. Below subsection (A) are subsections (B) through (E), also in the disjunctive. Rule 4(d)(1)(C) provides that service upon an individual may be made by: "(C) Delivering a copy of the summons and complaint to an agent or attorney-in-fact authorized by appointment or statute to receive or accept service of the summons and complaint in the individual's behalf[.]."

In addition to Rule 4(d)(1)(C), other portions of Rule 4(d) provide for service upon a corporation. Domestic private corporations are addressed in Rule 4(d)(5), foreign corporations qualified to do business in this State are addressed in Rule 4(d)(7) and foreign corporations not qualified to do business in this State are addressed in Rule 4(d)(8). All three of those subdivisions provide the option of service by delivering a copy of the summons and complaint to any agent or attorney-in-fact "authorized by appointment or by statute to receive or accept service in its behalf."

In summary, although Rule 45(b)(1) concerning the service of a subpoena refers to Rule 4(d)(1)(A), the latter provision cannot constitute the exclusive manner of service upon a corporation, in view of the permissive and disjunctive language in that provision and in view of the numerous other references in Rule 4(d) to service through an agent or attorney-in-fact "authorized by appointment or by statute to receive or accept service." Thus, this Court holds that in addition to the provisions set forth in Rule 45(b)(1) of the West Virginia Rules of Civil Procedure concerning the service of a subpoena upon a person in the manner provided for service of process under W.Va. R. Civ. P. 4(d)(1)(A), a subpoena or a subpoena duces tecum for a deposition under W.Va. R. Civ. P. 30(b)(7) may be served upon a domestic or foreign corporation through the corporation's agent or attorney-in-fact authorized by appointment or by statute to receive or accept service upon the corporation's behalf.

This result finds support in the history of Rule 45 and Rule 4. The original version of the West Virginia Rules of Civil Procedure adopted by this Court took effect on July 1, 1960. *See,* W.Va. R. Civ. P. 86(a) and *Arlan's Dept. Store of Huntington v. Conaty,* 162 W.Va. 893, 896, 253 S.E.2d 522, 525 (1979). Rule 45 concerning subpoenas then, as now, referred to Rule 4(d)(1)(A) as to manner of service. The Reporters' Original Note to the 1960 version of Rule 4(d)(1) states: "Rule (d)(1) is intended to simplify and rewrite Code 56–2–1." Lugar & Silverstein, *West Virginia Rules of Civil Procedure* pg. 40 (Michie 1960). That statute, *W.Va.Code,* 56–2–1 (1923), states in its entirety:

A notice, *no particular mode of serving which is prescribed,* may be served by delivering a copy thereof in writing to the party in person; or if he (or she) be not found, by delivering such copy at his (or her) usual place of abode, and giving information of its purport, to his wife (or her husband), or to any other person found there who is a member of his (or her) family and above the age of sixteen years; or if neither his wife (or her husband) nor any such other person be found there, and he (or she) be not found, by leaving such copy posted at the front door of such place of abode. Any sheriff or constable, thereto required, shall serve a notice within his county and make return of the manner and time of service; for a failure so to do he shall forfeit twenty dollars. Such return,

or a similar return by any other person who verified it by affidavit, shall be evidence of the manner and time of service. (emphasis added)

Without doubt, the 1960 version of Rule 4(d)(1) rewrote the statute, especially by adding disjunctive subsections (A) and (B). At that time, Rule 4(d)(1) provided that personal service would be made upon an individual "(A) by delivering a copy of the summons and of the complaint to him personally ... or (B) by delivering a copy of the summons and of the complaint to an agent or attorney in fact authorized by appointment or by statute to receive or accept service of process in his behalf." The 1960 version of Rule 4, in subsections (d)(5), (7) and (8), also provided for service through a statutory attorney-in-fact with regard to domestic private corporations, foreign corporations qualified to do business in this State and foreign corporations not qualified to do business in this State.

Accordingly, this Court holds that Progressive was properly served through the West Virginia Secretary of State with the subpoena duces tecum requiring Progressive to designate a witness, or witnesses, to testify and produce documents at the scheduled Rule 30(b)(7) deposition. Progressive does not contend that it failed to receive the subpoena through the Secretary of State and Progressive's registered agent, C.T. Corporation System. Relief in prohibition is, therefore, denied in that regard.

## B.

### Civil Penalties, Costs and Attorney Fees

■ Progressive asserts that, in view of its reliance upon the language of Rule 45(b)(1) and Rule 4(d)(1)(A), it was justified in concluding that the issuance of the subpoena duces tecum failed to subject Progressive to the jurisdiction of the Circuit Court. Consequently, Progressive contends that the con-

tempt and sanction orders were unwarranted.

As indicated above, the order entered on November 21, 2008, imposed a civil penalty for contempt against Progressive in the amount of $5,000 and a civil penalty for contempt in the amount of $750 per day until Progressive's compliance with the subpoena duces tecum. The additional orders, entered on October 1, 2008, and December 8, 2008, awarded Swoger costs and attorney fees in the amounts of $1,062.50 and $562.50 respectively. The Circuit Court found the costs and attorney fees to be reasonable and based upon the affidavit of Swoger's counsel.

With regard to the civil penalties, this Court notes that, following the October 1, 2008, order which initially awarded the costs and attorney fees, James A. Dodrill, counsel for Progressive, sent the letter to Swoger's counsel asserting that the Circuit Court was without jurisdiction to enter the October 1, 2008, order and inquiring whether there was any case law in West Virginia to the effect that the Secretary of State could accept service of the subpoena duces tecum. In a follow-up letter to Swoger's counsel, Dodrill stated that Progressive would not appear at the rescheduled October 29, 2008, deposition and that, in reaching its position, Progressive "consulted with outside counsel." Swoger's counsel, however, warned Progressive by letter that Progressive should take "very seriously" any decision to disregard subpoenas or orders emanating from proceedings before a circuit court.

■ Under the circumstances described herein, this Court declines to disturb the orders awarding costs and attorney fees to Swoger's counsel. Furthermore, this Court is of the opinion that the civil penalty for contempt in the amount of $5,000 and the civil penalty for contempt in the amount of $750 per day were within the parameters of the Circuit Court's discretion and that the Circuit Court did not exceed its jurisdiction in that regard.[4] In should be noted that the

---

**4.** In syllabus point 1 of *Stephens, supra,* this Court held: "A writ of prohibition is available to correct a clear legal error resulting from a trial court's substantial abuse of its discretion in regard to discovery orders." Syl. pt. 2, *State ex rel. Medical Assurance of West Virginia v. Recht,* 213 W.Va. 457, 583 S.E.2d 80 (2003); syl. pt. 1, *State ex rel. West Virginia Fire & Casualty Company v. Karl,* 202 W.Va. 471, 505 S.E.2d 210 (1998); syl. pt. 2, *State ex rel. United States Fidelity and Guaranty Company v. Canady,* 194 W.Va. 431, 460 S.E.2d 677 (1995).

imposition of the contempt and sanction orders, particularly the $750 *per diem* penalty, was automatically stayed upon the April 30, 2009, issuance by this Court of the rule to show cause why relief in prohibition should not be awarded. As Rule 14(c) of the West Virginia Rules of Appellate Procedure states, in part: "Unless otherwise provided, the issuance of a rule to show cause in prohibition stays all further proceedings in the underlying action for which an award of a writ of prohibition is sought."

 Here, the two letters from Mr. Dodrill are insufficient to warrant extraordinary relief in this Court. The exhibits before this Court do not reveal whether those communications were ever brought to the attention of the Circuit Court. Progressive had notice of the subpoena duces tecum, through service and by informal letter, in August 2008. No motion to quash was filed, and the subpoena and subsequent orders were not challenged in the Circuit Court until Progressive filed the motion to set aside the contempt and sanction orders. That motion was denied by the order of February 11, 2009, and it was not until March 26, 2009, that Progressive filed the petition for a writ of prohibition in this Court. While this Court recognized in *State ex rel. West Virginia National Auto Insurance Company v. Bedell*, 223 W.Va. 222, 672 S.E.2d 358, 365 (2008), that there is no specific time frame for the filing of a writ of prohibition, an extended discourse is not necessary for the principle that, where the petitioner asserts that the lower court was without jurisdiction *ab initio*, rather than acting in excess of its jurisdiction, a petition seeking the extraordinary remedy of prohibition should, *a fortiori*, be promptly filed.

## V.

### Conclusion

For the reasons stated above, Progressive Classic Insurance Company is not entitled to relief in prohibition with regard to the enforcement of the February 11, 2009, order. The automatic stay of the contempt and sanction orders, including the $750 per day civil penalty, shall be lifted upon issuance of the mandate by this Court.

Writ Denied.