# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: The Marriage/Children of;

Kevin D.,
Petitioner Below, Petitioner

**FILED**
**May 26, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.)  No. 19-0775 (Kanawha County 2010-D-670)

Beth G.,
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioner Kevin D., a self-represented litigant, appeals the Circuit Court of Kanawha County's July 16, 2019, order denying his appeal of the June 12, 2019, "Order—Hearing of September 12, 2017" from the Family Court of Kanawha County. Respondent Beth G., by counsel Mark Swartz, filed a response to which petitioner submitted a reply.[1]

The Court has considered the parties' briefs and record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and respondent were married on March 19, 1998, and separated on March 20, 2010.[2] Respondent filed her divorce petition on April 13, 2010, citing irreconcilable differences. A joint motion for bifurcation of the divorce proceedings was granted by the family court on May 21, 2010, and an agreed bifurcation order was executed by the court and entered on May 28, 2010. The divorce was granted based upon irreconcilable differences. During a hearing on February 25, 2014, the family court heard testimony and considered evidence. Thereafter, it entered its March

---

[1] Petitioner filed his reply on January 17, 2020. Thereafter, on February 26, 2020, he filed a motion to stay the proceedings before this Court "pending filing of amended reply by petitioner." In that very brief motion, he requested leave to file an amended reply to correct an alleged "material misrepresentation" by respondent set forth in the factual section of her brief. He did not, however, attach the proposed amended reply or set forth any reason why that issue was not addressed in his original reply brief. We hereby deny petitioner's February 26, 2020, motion, and proceed to consider the matter as originally briefed by the parties.

[2]Respondent filed a divorce petition in 2006, but it was withdrawn when the parties reconciled.

1

14, 2016, final order setting forth the following relevant findings of fact: respondent continues to reside in the former marital residence with the couple's two minor children; petitioner deeded his interest in the marital home to respondent in August of 2011; at the time of the divorce, the parties owned two other properties together – one used by petitioner's business and the other a small house that petitioner moved into in April of 2011; in September of 2007, the Clay County Bank made a loan to the parties that was secured by three pieces of real estate – two in Clay County and one in Kanawha County; at the time of the Clay County Bank loan, the principal amount owed on the three properties totaled $262,065.90; the loan amount was $321,300 because, in addition to paying off the three prior mortgages, it was used to pay credit cards and student loans; respondent's Exhibit 19 pertained to two American Funds accounts, the larger of which was intended for the benefit of the parties' two children to be used to fund their college educations; the fair market value of the former marital residence as of January 28, 2013, was $232,000; and petitioner admitted that there were Coverdale and Fidelity IRA accounts for the children's education at Clay County Bank but he cashed them in after the divorce proceedings began.

Based on its findings, the family court assigned respondent 60.3% of the principal balance then due on the Clay County Bank loan while petitioner was assigned 39.7%. Respondent was ordered to quitclaim all of her title and interest in the Clay County properties to petitioner. The family court directed that an equitable distribution of the marital estate be carried out in accordance with the exhibit attached and incorporated as part of the final order. In addition to the assignment of distribution for the Clay County Bank loan, petitioner was ordered to reimburse respondent an amount equal to the Coverdale and Fidelity accounts he cashed out.

On April 12, 2016, petitioner appealed the family court's final order to the Circuit Court of Kanawha County. On May 6, 2016, the circuit court denied that appeal and entered an order finding that a hearing was not necessary for it to make a determination. The circuit court found that the family court had not abused its discretion, did not act contrary to constitutional or statutory authority, and its decision was supported by substantial evidence and facts and was not arbitrary or capricious. Petitioner appealed that order to this Court, and we affirmed that order by memorandum decision in 2017. *Kevin D. v. Beth Ann R.*, No. 16-0530, 2017 WL 944058 (W. Va. Mar. 10, 2017) (memorandum decision).

Thereafter, on September 12, 2017, the Family Court of Kanawha County heard testimony from the parties and the former guardian ad litem, Beverly Selby, in addition to the proffers of counsel. The family court held a telephonic conference on October 3, 2017, and entered its final order on June 12, 2019. In that order, the family court set forth the following relevant findings of fact and conclusions of law: The motion to supplement the record and modify the order entered on May 8, 2017, is denied so the judgment amount of $9,491.92 stands. Beth G. filed a motion to compel payment, requesting the appointment of a commissioner to pay various amounts on behalf of the parties or to Beth G. The previous final order divided the marital property between the parties – the Kanawha County house was assigned to Beth G. and the two Clay County properties to Kevin D. All three properties were subject to one deed of trust that secured one mortgage note. The final order allocated 60.3% of the loan balance and monthly payments to Beth G. and 39.7% to Kevin D. "As determined by the Order on Petition for Contempt, [Kevin D.] failed to make payments required by both the temporary and final Court Orders to the Clay County Bank." Therefore, the family court's order on petition for contempt granted Beth G. a judgment for

$9,491.92 "representing the arrearage on the loan as of February 3, 2017[,] that was deemed to be equal to [Kevin D.'s] missed payments."

It further found that the Clay County Bank deed of trust remained a lien against that Kanawha County home, as it predated the quit claim deed. Over a period of several years, Beth G. attempted to reach an agreement with the Clay County Bank whereby she would pay a portion of the loan balance in exchange for a release giving her clear title to the Kanawha County property. However, they were unable to reach an agreement for several years. The agreement they eventually reached required the bank, in consideration of the payment of $210,000 from Beth G., to release its deed of trust and lien against the Kanawha County home. The Clay County Bank was required to apply the entire $210,000 payment to the then-outstanding loan balance. According to the family court,

> [b]ecause of this transaction, [Beth G.] paid more than her fair share of the mortgage note balance. Her over payment, required to obtain the partial release, reduced the total amount due on (the parties['] joint mortgage obligation)[.] As a result, [Kevin D.'s] liability to the Bank for the remaining loan balance was $51,343.75 less than his allocated liability under the terms of the Final Divorce Order.

Beth G. testified that she paid the $210,000 to Clay County Bank in order to obtain the partial release, which was introduced into evidence during the September 12, 2017, hearing.

The March 14, 2016, final order distributed 50% of the marital portion of Beth G.'s 401(k) to Kevin D. to equalize the equitable distribution. From that amount, the final order required Kevin D. to pay his share of the children's medical expenses, $5,334.74, to reimburse Beth G., and to pay $15,096.48 to Beth G. to restore the $15,096.48 to the children's accounts that Kevin D. had "been determined to have dissipated."

Without setting forth the dates of the previous orders, the family court found that by "prior [o]rders of this [c]ourt, Beverly Selby's fee statements, as guardian *ad litem*, were approved as to amount and allocated between the parties." Pursuant to those orders, Kevin D. was to pay Ms. Selby $7,131.25, but he had failed to do so. However, Beth G. was making monthly payments to Ms. Selby to fulfill her allocated share of the fees.

In its June 12, 2019, order, the family court determined that "there is no other reasonable way to complete the equitable distribution, *i.e.* other than to distribute payments from what would have been [Kevin D.'s] share of the 401(k); this is the only reasonable alternative at this time; . . ." The family court ordered the following: (1) the $7,131.25 due Ms. Selby "should be held in the 401(k) [Kevin D.'s] 401(k) share pending payment to Ms. Selby;" (2) the disbursement of the children's medicals to Beth G. in the amount of $5,334.75 is approved from the 401(k); (3) the disbursement to Beth G. in the amount of $15,096.48 regarding the children's accounts is approved from the 401(k); (4) the disbursement to Beth G. for the non-payments to the Bank should be a total of $10,239.75; and (5) the disbursement to Beth G. from the 401(k) for her over payment to the Bank shall be a total of $51,343.78. Kevin D. was ordered to cooperate in effectuating and making the specified payments from the 401(k).

3

The family court went on to find that at the conclusion of the October 3, 2017, conference, Kevin D. "vouched" the record and told the family court that there were "federal tax liens that in his opinion could take precedence regarding the 401(k) monies. [Kevin D.] asserted that no monies shall be paid to anyone from the 401(k) 'until we straighten out' the federal tax liens to determine what happens with those." Thereafter, the family court ordered that the stay order previously entered shall remain in effect, pending further order of the court regarding disbursements from Beth G.'s 401(k) account.

Kevin D. appealed the family court's June 12, 2019, order to the Circuit Court of Kanawha County on July 16, 2019. Following its review of the matter, the circuit court denied Kevin D.'s petition for appeal by order entered on July 29, 2019. Petitioner appeals from those orders.[3]

> "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl., *Carr v. Hancock,* 216 W.Va. 474, 607 S.E.2d 803 (2004).

Syl. Pt. 1, *Zickefoose v. Zickefoose*, 228 W. Va. 708, 724 S.E.2d 312 (2012).

On appeal, petitioner sets forth five assignments of error. First, he asserts that the family court erred when it approved the payment of the former guardian ad litem's fees. Kevin D. states that Ms. Selby was appointed as the guardian ad litem in July of 2014 after an incident wherein Kevin D. repeatedly called Beth G. and left inappropriate voicemails, transcripts of which are included in the record. Thereafter, "all rights of visitation, communication, and contact with [their] children were terminated and have remained forbidden by the Family Court of Kanawha County." He is critical of the timeliness of the guardian ad litem's submission of her report to the family court and disagrees with some of her findings set forth therein. Petitioner argues that both the family court and circuit court were clearly erroneous in awarding Ms. Selby's fee and argues that it was an abuse of discretion for the family court to order any payment to Ms. Selby. He contends that Ms. Selby should be required to repay all monies previously paid to her by both petitioner and respondent.

Ms. Selby has not served as the guardian ad litem in the instant matter for several years, and the orders related to Ms. Selby's actions and the payment of her fees were entered in 2015, prior to petitioner's earlier appeal in this matter. While in his reply petitioner argues that his appeal stems from the 2019 orders of the family and circuit courts, the family court's order simply enforced its prior orders, which directed petitioner to pay his portion of Ms. Selby's fees. There

---

[3]Petitioner's brief wholly fails to comply with West Virginia Rule of Appellate Procedure 10(c)(4), which requires the following: "Supported by appropriate and specific references to the appendix or designated record, the statement of the case must contain a concise account of the procedural history of the case and a statement of the facts of the case that are relevant to the assignments of error."

were no new issues raised regarding Ms. Selby's work – only the nonpayment of her fees by petitioner under the family court's earlier orders. Rule 28(a) of the West Virginia Rules of Practice and Procedure for Family Court provides, in relevant part, that "[a] party aggrieved by a final order of a family court final order may file a petition for appeal to the circuit court no later than thirty days after the family court was entered in the circuit clerk's office." Although petitioner timely appealed the 2016 order and the circuit court's order was appealed to this Court, petitioner did not allege error as to the payment to Ms. Selby. Therefore, we find that this issue was not timely raised.

Similarly, petitioner next asserts that the family court erred when it quashed a valid and properly served subpoena to compel the testimony of Charles H. at a March 2, 2015, hearing. However, he fails to inform this Court who Charles H. is, and his footnote regarding the substance of the anticipated testimony of Charles H. lacks any citation to the record.[4] Further, the only case cited by petitioner in support of his argument is not on point. *State ex rel. Progressive Classic Insurance Company v. Bedell*, 224 W. Va. 453, 686 S.E.2d 593 (2009), specifically addresses subpoena duces tecum for the deposition of a Rule 30(b)(7) representative.[5] Like his first assignment of error, petitioner's argument here stems from a 2015 hearing and resulting order. Again, petitioner failed to timely appeal any alleged issue with regard to this subpoena pursuant to Rule 28(a) of the West Virginia Rules of Practice and Procedure for Family Court. Therefore, we will not consider the merits of this argument.

In his third assignment of error, petitioner, in a two-paragraph argument, asserts that the circuit court erred when it failed to include the value of the household furnishings in its equitable distribution. While petitioner points to two pages of testimony from a 2014 hearing in support of his argument, he fails to point to any specific order in the record or to any case law in support of his contentions. Due to questions regarding the timeliness of appealing this issue and petitioner's failure to comply with this Court's Rules of Appellate Procedure, we decline to address the merits of this issue.

---

[4] According to petitioner, Charles H. "would tell the court about he and Beth G. traveling to an apartment in her control . . . and spending the afternoon there discussing Beth G.'s 'divorce plans' and moving a bed." He asserts that that testimony somehow mitigates against the family court's rulings related to equitable distribution "which result in the goose getting the sauce and the gander getting the fire."

[5] In addition to the provisions set forth in Rule 45(b)(1) of the West Virginia Rules of Civil Procedure concerning the service of a subpoena upon a person in the manner provided for service of process under W.Va. R. Civ. P. 4(d)(1)(A), a subpoena or a subpoena duces tecum for a deposition under W.Va. R. Civ. P. 30(b)(7) may be served upon a domestic or foreign corporation through the corporation's agent or attorney-in-fact authorized by appointment or by statute to receive or accept service upon the corporation's behalf.

Syl. Pt. 3, *State ex rel. Progressive Classic Ins. Co. v. Bedell*, 224 W.Va. 453, 686 S.E.2d 593 (2009).

Petitioner's fourth assignment of error is his contention that the lower courts erred by "failing to combine the value of the three tracts of real property and subtract the debt secured by the properties to determine the total real property equity to be divided between the parties" and "fail[ing] to assign unto each party one-half of the total equity of the combined net value of the three tracts of real property." In addition, his final assignment of error is that the courts erred by failing to require Beth G. to provide petitioner with an accounting of the college fund, asserting that the courts erred by failing to direct Beth G. to pay the child's share of the college fund to each child when he/she reaches the age of majority. Once again, petitioner failed to cite a single case or rule in support of his arguments. These assignments of error fail to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which requires that

> [t]he brief *must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on*, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(Emphasis added). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, this Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented . . . as required by rule 10(c)(7)" are not in compliance with this Court's rules. *Id.* "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (citation omitted). Because petitioner's arguments as to these assignments of error are inadequate and fail to comply with Rule 10(c)(7), we decline to address them on appeal. Therefore, we hereby affirm the circuit court's denial of petitioner's appeal from family court.

Affirmed.

**ISSUED:** May 26, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice Margaret L. Workman

6